Chicago, Rock Island & Pacific Railway Company v. J. M. Stillwell.

Decided June 8, 1907.

**1.—Charge—Invited Error.**

An appellant can not complain of an error in the charge of the court when such error was invited by a special charge requested by him.

**2.—Contributory Negligence—Pleading—Charge.**

An appellant can not complain of the refusal of the court to submit a phase of contributory negligence which was not pleaded.

**3.—New Trial—Assignment of Error.**

An assignment of error that the evidence was insufficient to support the verdict, can not be considered when in the motion for new trial such ground was alleged generally, and failed to point out wherein the evidence was insufficient.

Appeal from the District Court of Montague County. Tried below before Hon. D. E. Barrett.

*N. H. Lassiter, Robert Harrison* and *Jas. A. Graham,* for appellant.

*J. L. Rudy* and *Chambers & Cook,* for appellee.

STEPHENS, Associate Justice.—In alighting from a train at Sugden, Indian Territory, appellee was thrown down on the platform and injured, on account of which he recovered a verdict and judgment in the sum of one thousand and twenty-five dollars, from which this appeal is prosecuted. He had taken passage at Hobart, Indian Territory, and advised the conductor, when he took

up his ticket, that he desired to get off at Sugden. When the train stopped he was a little tardy in making his way to the platform steps, being an old man, and was there hindered by people coming up the steps to enter the car. As he descended the steps the train started, but he thought it was standing still, owing, perhaps, to the fact that it was dark and there were no lights on the platform, although there was a light in the depot and lights in the cars, which to some extent threw light on the platform at the place where he was about to get off. His son, who was standing on the platform, having a better knowledge of the situation, spoke to him quick, saying "Give me your grip," or "You will have to jump," when he stepped or jumped off or his son jerked him off and he fell. He had hold of the railing with his right hand and that swung him around as he stepped off. The fall dislocated his shoulder, which pained him for a long time and deprived him to a great extent of the use of his arm. His home was at Bowie, Texas, to which point he was returning when injured, and where he had a little store, which he continued to keep, but after a few months had, to give it up because of his inability, on account of the injury received, to do the work necessary to carry on the business, the profits of which were too small to justify him in hiring an extra man to do the work.

The proposition of the first assignment is that the court erred in submitting the issue of negligence involved in the failure of appellant to sufficiently light the platform, on the ground that the evidence did raise this issue. It may be that the evidence did not tend to prove that the failure to sufficiently light the platform was the proximate cause. of appellee's injury, but this objection to the charge does not seem to be distinctly presented in the proposition. We think it can hardly be said that there was no evidence tending to prove that the platform was insufficiently lighted, and we doubt if it can be said that there was no evidence that the accident was due to this fact, since if the platform had been better lighted appellee might have ascertained that the train was moving when he started down the steps. But if the court erred in submitting this issue, appellant is not in position to avail itself of the error, since it was invited by the first special charge requested by it,

If there was error in the eighth paragraph of the charge, as asserted in the second assignment, it, too, was invited by appellant in its fifth special charge. Besides, the proposition of this assignment, which is that the evidence did not justify the submission to the jury as an element of damage appellee's diminished capacity to work and earn money, is clearly not sustained by the statement of facts.

The third assignment, complaining of the refusal of special charge number three, must be overruled since the phase of contributory negligence, which appellant sought by this charge to have submitted to the jury, is not found in its answer. Besides, it was in effect submitted in the ninth paragraph of the court's charge.

Special charge four, to the refusal of which the fourth error

is assigned, was in effect given in the fifth and eighth paragraphs of the charge.

In the fifth and last assignment appellant complained of the insufficiency of the evidence to support the verdict, but in the motion for new trial the assignment was entirely too general, which precludes any consideration of that issue in this court on appeal. Besides, we think the verdict was warranted by the evidence. Judgment is affirmed.

*Affirmed.*

Writ of error refused.