Application for writ of error dismissed for want of jurisdiction.

---

GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY V. J. N. WAFER.

Decided December 18, 1907.

**1.—Negligence—Operation of Switch Engine—Issue of Fact.**

In a suit by an employee for personal injuries caused by being struck by a switch engine in the yards of a railway company, evidence considered, and held that it was a question of fact which the court properly submitted to the jury, whether or not the failure of the defendant company to have a switchman or other employee on the footboard of the backing engine at the time it struck and injured the plaintiff, was negligence. The question of negligence did not depend upon the existence of a rule upon the subject, but upon the exigencies of the situation.

**2.—Charge—Misusing Terms "Plaintiff" and "Defendant"—Harmless Error.**

Charge in which the terms "plaintiff" and "defendant" were misused or transposed considered, and held harmless in view of other portions of the charge.

**3.—Charge—Negligence—Accident.**

In a suit for personal injuries, the court having charged the jury to find against the defendant only in the event they found that it was negligent and its negligence was the proximate cause of the injury, it was not error to refuse a special instruction to the effect that negligence could not be presumed from the mere happening of the accident.

**4.—Jury—Majority of Witnesses.**

A jury is not bound to render a verdict according to the testimony of a majority of the witnesses.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Baker, Botts, Parker & Garwood* and *Beall & Kemp,* for appellant. —The charge was erroneous under the evidence in this case, because

said charge authorized the jury to predicate a finding of negligence on the part of the defendant upon the mere failure to place a switchman or other employe on the tender of the switch engine while operating in the company's yard, to warn plaintiff of the approach of the engine while standing on the track, in the absence of any rule requiring it to be done. Sites v. Knott, 96 S. W. Rep., 207; Merchants & Planters Oil Co. v. Burns, 96 Texas, 573; Aerkfetz v. Humphreys, Rec., 145 U. S., 418 (s. c. 36 L. C. P. Co., 758); Elliott v. C., M. & St. P. Ry. Co., 150 U. S., 245 (s. c. L. C. P. Co., 37, p. 1068).

If negligence by any means could be imputed to the defendant, surely the plaintiff, by his negligent inattention in stepping on the track in front of the moving engine, or in standing upon the ties for four or five minutes, and until knocked down by the engine, with the bell ringing, and moving at a speed of four miles per hour, contributed directly to his injury. Galveston, H. & S. A. Ry. v. Bracken, 59 Texas, 72; Galveston, H. & S. A. Ry. Co. v. Ryon, 80 Texas, 61; International & G. N. Ry. v. Edwards, 100 Texas, 22; Gulf, C. & S. F. Ry. v. Miller, 70 S. W. Rep., 26; Gulf, C. & S. F. Ry. v. Wilson, 59 S. W. Rep., 590; International & G. N. Ry. v. Ploeger, 96 S. W. Rep., 57; Aerkfetz v. Humphreys, Receivers, 145 U. S., 418 (s. c., 36 L. C. P. Co., 758); Elliott v. C., M. & St. P. Ry. Co., 150 U. S., 245 (s. c., 37 L. C. P. Co., 1070); Loring v. K. C. Ry. Co., 31 S. W. Rep., 6.

The charge is erroneous in this: Because it submitted the issue as to whether or not the defendant was guilty of contributory negligence, instead of the plaintiff, and was calculated to mislead and confuse the jury. Gulf, C. & S. F. Ry. v. Johnson, 91 Texas, 572.

The court erred in refusing the following charge, requested by the defendant: "You are charged that negligence can not be presumed from the mere happening of the accident, if accident it was. Therefore, if you find that plaintiff was injured as the result of an accident (not caused by the negligence of the defendant, as charged by plaintiff, you will find for the defendant." Trinity Co. Lumber Co. v. Denham, 85 Texas, 60.

The act of the plaintiff in stepping upon the track in the manner and under the circumstances shown was negligence per se. Galveston, H. & S. A. Ry. v. Kutac, 72 Texas, 651; International & G. N. Ry. v. Graves, 59 Texas, 331; Galveston, H. & S. A. Ry. v. Bracken, 59 Texas, 71; International & G. N. Ry. v. De Ollos, 8 Texas Ct. Rep., 211.

*Patterson & Wallace,* for appellee.—Under the pleading and evidence the court was fully authorized to predicate a finding of negligence on the failure of the defendant to maintain a switchman, or other employe, on the front end of the tender, to keep a lookout and to warn plaintiff and other employes of the approach of said engine on said dead engine track, and it was not error on the part of the court to authorize the jury to consider such allegation of negligence as one of the grounds of recovery. Galveston, H. & S. A. Ry. Co. v. Collins, 24 Texas Civ. App., 144; Galveston, H.

& S. A. Ry. Co. v. Karrer, 70 S. W. Rep., 328; Houston & T. C. Ry. Co. v. Turner, 92 S. W. Rep., 1074; Houston & T. C. Ry. Co. v. Turner, 99 Texas, 547; St. Louis Ry. Co. v. Jacobson, 66 S. W. Rep., 1113.

JAMES, CHIEF JUSTICE.—The action was by Wafer, who alleged that he was an employe of defendant and while performing his duties in defendant's yards, inspecting a gauge and oil pump located on what is known as the "dead engine track," and while standing on or near said track with his back in a westerly or southwesterly direction, and while his attention was engrossed in watching said pump, a switch engine of defendant was operated eastward on said track at an unlawful and dangerous speed, and without any notice or warning struck plaintiff and seriously and permanently injured him.

The grounds of negligence alleged were that the engineer saw plaintiff in his dangerous position, or should have known it, and failed to slow down or stop the engine, but negligently ran upon plaintiff; and also that defendant negligently failed to have a switchman or other employe on the footboard of the tender to keep a lookout and warn persons, who might be upon the track, of the approach of the engine.

The answer was general denial, that plaintiff's injuries were caused by risks and dangers incident to his employment, and by his contributory negligence.

The first assignment complains of the seventh paragraph of the charge which submitted the issue that if plaintiff, an employe engaged in the performance of his duties, stood upon or in close proximity to the track and was struck, and that if defendant should have had some one on the footboard of the tender to keep a lookout ahead and to warn persons upon or in dangerous proximity to the track, and that such failure was negligence, and such negligence the proximate cause of plaintiff being struck, and that plaintiff himself was not guilty of negligence contributing to cause his injury, to find for plaintiff.

There are two points directed against this charge, neither of which is well founded. One is that there was no evidence warranting the submission of the issue, and the other is that the court should not have submitted such issue in the absence of any rule requiring a switchman or other employe to be stationed on the footboard of the tender for such purpose.

It was testified to by the witness Borcherding, general foreman of the car department, that he knew a switchman was generally on the footboards in switching in the yards; and that he thought it was necessary for men to be on the footboards the way the engine is going, that he had often seen them there. He did not testify to the existence of a rule to that effect, as is asserted by appellee, but said "I think there is. I do not know."

The evidence was that this dead engine track was not a regular switch track, and was as a rule used only for the purpose of conveying engines to and from the roundhouse. Plaintiff's duties called

him to this place and he had been watching the gauge of the oil pump through a little hole in the roundhouse fence. The pump did not seem to be working and plaintiff stepped upon the track and from there was watching the gauge over the fence when he was struck. He testified that he stood there three to five minutes, or something like that, looking over at a car to see if it was taking up oil. In doing this he was looking east and the engine came from the west. There was testimony showing that no warning was given of the approach of the engine, and no one was stationed on the footboard. Plaintiff testified that as a rule this track was not used for switching, but for carrying engines in and out of the roundhouse, and when they had any switching or bringing in of cars to do, some of the crew generally came and told him that they were coming in, that this was the regular practice. That no one told him about this engine coming, and the first he knew about it being upon the track was when it hit him. At that time there was hammering going on and engines in the vicinity were making noises that prevented him from hearing it approach. The place of the accident was ten or fifteen feet from the crossing of a public street. The engineer, Gaddis, testified that there was no person on the footboard of the tender that he saw, and that when he discovered plaintiff the latter was looking in the opposite direction. Borcherding, who was the first man to reach plaintiff, testified that he saw no one on the footboard. The testimony of these witnesses, who testified in person, may have impressed the jury as evasive on the subject, and from what they stated or admitted, it seems to us that it was admissible for the jury to conclude that no switchman was there. Borcherding testified that his attention was on Mr. Wafer, and that if there had been a switchman on the footboard he would have been right near Wafer.

We conclude that the question of negligence of defendant did not depend on the existence of any positive rule requiring persons to be on the footboards. Whether or not such a precaution was demanded by the dictates of ordinary care, depended not upon a rule entirely, but fundamentally upon the exigencies of the situation. Here was a track used only occasionally and in a limited way by engines or cars in the yards of defendant, where the track might be used at any time by some employe in performing a duty, as it appears this plaintiff was doing at the time; the employe not suspecting, and having reason, from the ordinary practice in such matters, not to expect, that an engine would attempt to back over it without notice of its approach, and it can not be said, as a matter of law, that ordinary prudence would not require, under such conditions, the precaution of stationing some person on the footboard. The case is not that of a trespasser occupying a track, but of an employe occupying it in the performance of his work. We think the charge complained of was not erroneous. The testimony of plaintiff, if accepted by the jury as the true version of the transaction, as it doubtless was, would acquit him of contributory negligence. They had the right to disbelieve the contrary testimony.

The second and third assignments complain of the following

portion of the charge: "And by contributory negligence is meant some negligent act or omission on the part of the defendant which, concurring or co-operating with some negligent act or omission on the part of plaintiff, is the proximate cause of the injury complained of." Also the following: "In determining whether or not plaintiff was guilty of negligence, or whether or not defendant was guilty of contributory negligence, you may look to all the surrounding facts and circumstances in evidence before you, bearing upon these issues."

The part of the court's charge which explained and submitted the issues the jury were to decide, and for or against whom to find according to their determination of such issues, was so plain and unmistakable that the jury could not have been misled or confused by the inadvertent misplacing of the words "plaintiff" and "defendant" in the portions of the charge which are complained of.

The fourth and fifth complain of refused charges which were as follows:

1st. "You are charged that negligence can not be presumed from the mere happening of the accident, if accident it was. Therefore if you find that plaintiff was injured as the result of an accident, not caused by the negligence of the defendant as charged by plaintiff, you will find for the defendant." This charge we think would have been improper. The court plainly allowed the jury to find against defendant only if it had been negligent and its negligence proximately caused the injury. We do not comprehend how the court could make the matter plainer to men of ordinary intelligence, by charging in addition that an event brought about by negligence is different from a mere accident. It seems to us that what the proposed charge states about accident was more in the nature of argument than useful explanation.

2d. "If you believe from the evidence that both the engineer and the plaintiff were guilty of negligence, proximately causing or contributing to plaintiff's injury, then plaintiff can not recover." We do not see how this form of expression would have been more serviceable to defendant's purposes than the charge that the court gave, to find for defendant if plaintiff was guilty of negligence.

We overrule the sixth assignment. The supplemental instruction was not calculated to have the effect claimed for it.

The seventh is also overruled. The testimony was amply sufficient to support the finding that there was no switchman on the rear end of the tender.

The eighth is also overruled. It was for the jury to say whether or not, under the circumstances developed in plaintiff's testimony, he was guilty of negligence in standing where he did from three to five minutes.

The ninth is that the court erred in refusing a new trial for the reason that the evidence shows that the engineer saw plaintiff when the latter was far enough from the track to be out of danger, but that when the engine approached to within six or eight feet of him, he suddenly stepped on the track and the engineer used every means in his power to prevent said injury, and these facts were established

by the testimony of the engineer and the witness Borcherding, and the jury were not warranted in disregarding their testimony, they being unimpeached. It seems useless to discuss this, as it assumes that the jury had no right to believe plaintiff.

The verdict and judgment entered thereon was for $4500. Afterwards, when the motion for new trial came on to be heard, and the court announced that it would grant the motion unless plaintiff would remit $1700, plaintiff entered a remittitur reducing the sum to $2800, which the court approved and then overruled the motion. We find that this amount was not excessive, and overrule the remaining assignments.

*Affirmed.*

Writ of error refused.