JONES v. RAPID TRANSIT RY. CO. et al.†

(Court of Civil Appeals of Texas. Dallas. April 6, 1912. Rehearing Denied April 20, 1912.)

1. STREET RAILROADS (§ 114*)—ACTION FOR INJURIES— EVIDENCE— CONTRIBUTORY NEGLIGENCE.

Evidence, in an action against a street railroad for personal injuries, and for the value of plaintiff's horse and wagon, destroyed by collision with a car, held sufficient to sustain a verdict for defendant embracing the finding that plaintiff was guilty of contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–250; Dec. Dig. § 114.*]

2. STREET RAILROADS (§ 117*)—CONTRIBUTORY NEGLIGENCE—FAILURE TO LOOK AND LISTEN.

The mere failure of a person approaching a street railway crossing to look and listen for cars is not negligence per se.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

3. STREET RAILROADS (§ 99*)—CONTRIBUTORY NEGLIGENCE.

A driver of a vehicle approaching a street railroad crossing must exercise ordinary care in going upon the track to see that he may do so with safety.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 209–216; Dec. Dig. § 99.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by C. L. Jones against the Rapid Transit Railway Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

M. L. Dye and W. L. Crawford, both of Dallas, for appellant. Baker, Botts, Parker & Garwood, of Houston, and Spence, Knight, Baker & Harris, of Dallas, for appellees.

TALBOT, J. On March 2, 1912, the judgment from which this appeal is prosecuted was reversed, and the cause remanded for a new trial. Further consideration of the case,

however, on appellees' motion for a rehearing, has convinced us that the conclusions reached, upon which that action was taken, as expressed in the opinion heretofore handed down, were erroneous, and that opinion will be withdrawn and this opinion filed instead thereof.

The suit is one instituted by the appellant, C. L. Jones, against the appellees for damages for personal injuries received, and for the value of appellant's horses and wagon, destroyed in a collision with one of the appellee's cars on or about November 16, 1907.

It is alleged, and appellant testified in substance, that on or about 8 o'clock of the night of the 16th of November, 1907, while the night was dark, and while it was raining, plaintiff was driving his team, attached to a wagon loaded with wood, on and along Pearl street, in the city of Dallas, going in a southern direction, where said street crosses Commerce street, which runs in an easterly direction and about at right angles with said Pearl street; that at a point about the center of the intersection of said streets there was a large electric arc lamp or light overhanging said streets at their said intersection, emitting a dazzling and bright light over and about said street crossing; that, as plaintiff was in the act of crossing said Commerce street on said Pearl street, and after he had crossed said defendant's north track on said Commerce street, and about the time his team entered, or was entering upon, said south track, plaintiff discovered defendant's electric car approaching from the west on said south track, and going at a rapid rate of speed of 20 miles an hour on a downgrade; that at the time he discovered the car it was about 75 or 80 yards from him; that plaintiff, immediately on the discovery of said car, applied the whip to his team and made every possible effort to get off of said track, but about the time his team had cleared said track, and the middle of his wagon had reached the middle of said south track, said approaching car struck and ran over said wagon, dividing it into parts, and hurling plaintiff from the top of said load of wood violently down against the bois d'arc pavement, whereby he was seriously and permanently injured. The case was tried before the court and a jury, and trial resulted in a verdict and judgment for the defendants, and plaintiff appealed.

The court charged the jury, at the request of the defendants, as follows: "You are instructed that plaintiff, in approaching a street railway crossing, must exercise ordinary prudence in going upon the track to see that he may do so with safety. He cannot excuse absence of care by showing that those in charge of the train have also been guilty of negligence. While persons using a street railway crossing have a right to expect the laws governing their operation will be obey-

---

ed, this is no substitute for the duty of exercising care for themselves; and they are not excused from that duty by the fault of the other party. You are therefore instructed that, if you should find and believe from the evidence that plaintiff, as he approached the scene of the accident complained of, did not look or listen for the approach of defendants' car, and exercised no care to discover the approach of same and avoid a collision therewith, he would be guilty of contributory negligence as a matter of law." That portion of the charge quoted, which reads, "You are therefore instructed that, if you should find and believe from the evidence that plaintiff, as he approached the scene of the accident, did not look or listen for the approach of defendant's car, and exercised no care to discover the approach of same and avoid a collision therewith, he would be guilty of contributory negligence as a matter of law," is complained of by the appellant and made the basis of his fifth assignment of error. We heretofore held that this assignment was well taken, upon the ground that there was no evidence in the record that the plaintiff, in the exercise of ordinary care for his own safety, could have done anything, other than to look or listen for the approach of defendant's car; and therefore the effect of the charge was to tell the jury that, if plaintiff, as he approached the Commerce street crossing, failed to look or listen for the approach of the car that struck his wagon, he was guilty of negligence per se, and could not recover. As indicated in a former part of this opinion, we now think these conclusions are incorrect.

[1] Plainly the charge under consideration, by its terms, not only required the jury to find, before they were authorized to return a verdict in favor of the appellee, on the ground that the appellant was guilty of contributory negligence, that appellant not only failed to look or listen for the approach of the car in question, but that he exercised no care to discover the approach of said car, and to avoid a collision therewith; and, upon a more thorough examination and consideration of the evidence, we think it sufficient to justify the finding, necessarily embraced in the jury's verdict, that appellant exercised no care whatever to discover the approach of appellee's car and avoid the accident resulting in the injuries of which he complains. It is true he testifies himself that, as he approached the crossing, he looked and listened for the approach of cars, and neither saw nor heard the car that struck his wagon until it was too late to avoid the collision; but the jury, in view of other testimony and the undisputed physical facts, were not compelled to believe this statement. From a consideration of all the facts and circumstances of the case, they were authorized to find, as they evidently did, that appellant failed to look or listen for cars as he drove on the crossing, and failed to exercise any care for his own safety. The testimony and map introduced in evidence very clearly show that, as the appellant approached the Commerce street crossing from the north on Pearl street, and at a distance of 60 feet north of the curb line on Commerce street, he could, had he been looking, have seen the defendant's approaching car at a distance of between 200 and 300 feet; that on Pearl street, at a distance of 20 feet, or even 40 feet, north of Commerce street, he could have seen the approaching car, had he then been looking, at a distance from the crossing of at least 470 feet, and probably at a greater distance. The plaintiff, among other things, testified: "Just before I got into Commerce street, I commenced looking and listening for cars. Just as my horses got on to the south track, I discovered the car coming. It was about 75 or 80 yards from me. My horses were just going on to the south track when I discovered the car; that would make my wagon between the two tracks. I saw the car about 70 or 80 steps from me. It was somewhere in the middle of the block when I saw it." Plaintiff further testified: "I suppose there was a headlight on the car." The testimony was conflicting as to the rate of speed the car was running. Some one or more of the appellant's witnesses testified that it was running about 20 or 25 miles an hour; while the appellee's motorman, operating the car, said, "I was running at the rate of about six or seven miles an hour." This witness further testified that the headlight of the car was burning, and that he rang the bell in the usual way as he neared the crossing. C. R. Brown, appellee's engineer, testified: "The block between Pearl and Harwood street is 470 feet long."

From the testimony, above quoted, of the appellant himself, the jury was authorized to conclude that he discovered the approaching car when it was 240 feet distant from the crossing, and, from the testimony of appellee's motorman, that it was moving at no greater rate of speed than seven miles an hour. From the testimony as a whole, they could have concluded, as urged by appellee, that the appellant, after he discovered the car 240 feet away, with his horses just entering upon the track upon which the car was being operated, and his wagon to the north of the track, could have avoided the collision by merely turning his horses, either to the right or to the left, permitting his wagon to remain stationary. That, indeed, he could have driven across the track in time to avoid the accident, had he taken proper steps to do so, there being evidence from which the jury could have found that he only had to travel 20 feet, while the car was traveling 240 feet. In other words, the jury was authorized to find from the evidence that, if appellant had driven his team along, after he

discovered the car approaching, at the rate of three miles an hour, he could have crossed the track before the car, going at the rate of six or seven miles an hour, could have traveled 240 feet. The jury, in the state of the evidence as disclosed by the record, did not have to believe either the appellant's statement that he looked and listened for the approach of the car, or his statement that, after discovering the car, he whipped his horses up in an effort to get over the crossing before the car reached him; or, if they believed that the car was 240 feet away when he discovered it, and he had only gotten his wagon in the center of the south track, after whipping up his horses, when the wagon was hit, the jury could have found that he discovered the car when his horses were a few feet north of the track the car was on, and therefore could have found that by then stopping he could have avoided the accident, and that in failing to do so he was guilty of negligence which contributed to his injuries.

[2, 3] It is well settled by the decisions of this state that the mere failure of a person, approaching a railway crossing, to look and listen for cars is not negligence per se. But it is also well-settled law of this state that one, in approaching such a crossing, "must exercise ordinary care in going upon the track to see that he may do so with safety. He cannot excuse the absence of all care by showing that those in charge of a train have also been guilty of negligence." Railway v. Edwards, 100 Tex. 22, 93 S. W. 106. The testimony in the instant case was sufficient to justify a finding, not only that the appellant failed to look and listen for cars as he approached the crossing where the accident complained of occurred, but also that he failed to exercise any care whatever to ascertain that he might go upon and over said crossing with safety. It was shown, practically without dispute, that the headlight of appellee's car was burning, and that this light must have been in plain view of appellant for a distance of at least four or five hundred feet from the crossing. "And where a person knowingly about to cross a railroad track may have an unobstructed view of the railroad, so as to know of the approach of a train a sufficient time to clearly avoid any injury, he cannot recover as a matter of law, although the company may have been negligent or neglected to perform a statutory requirement." Railway v. Kutac, 72 Tex. 643, 11 S. W. 127. Under the charge in question, the jury must have concluded that the appellant exercised no care for his own safety; and, the evidence warranting such conclusion, their verdict should not be disturbed.

Appellant's other assignments present no new or novel question, and need not be discussed. It is sufficient to say that they have been carefully considered, and that, in the opinion of this court, they disclose no reversible error.

The appellee's motion for a rehearing is granted; and the judgment of the district court is affirmed.