## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. TARVER.

(Court of Civil Appeals of Texas. San Antonio. Oct. 30, 1912.)

1. RAILROADS (§ 351*) — COLLISION WITH TEAM—DUTY AS TO STOPPING ENGINE.

A charge in an action for collision at a crossing of a locomotive with a team was erroneous in requiring that the engineer should have stopped the engine in the "shortest time possible" after discovery by the engineer of the peril of the plaintiff's team; his duty on discovery of the peril being to use every means in his power to avoid injury, "consistent with the safety of the engine."

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. § 351.*]

2. APPEAL AND ERROR (§ 1066*) — PREJUDICIAL ERROR—INSTRUCTIONS.

For the charge to submit right of recovery on negligent acts not alleged in the petition is reversible error, unless it clearly appears it was not calculated in any manner to influence the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

3. RAILROADS (§ 350*)—CROSSING ACCIDENT — GIVING OF STATUTORY SIGNALS — EVIDENCE.

Evidence in an action for collision of an engine with a team at a crossing held to make a question for the jury whether the statutory signals were given.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

4. RAILROADS (§ 350*)—CROSSING ACCIDENT— CONTRIBUTORY NEGLIGENCE — FAILURE TO LOOK AND LISTEN.

Failure of one whose team is run into at a railroad crossing to look and listen is not contributory negligence per se.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

5. TRIAL (§ 251*)—INSTRUCTIONS — APPLICABILITY TO PLEADINGS.

The answer in an action for collision of an engine with a team pleading certain specific acts as constituting contributory negligence not having specifically alleged that plaintiff could have stopped his team in time to avoid the collision after seeing the engine, a charge precluding a recovery if he by the use of care and caution could have stopped it after the engine came in sight was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

6. TRIAL (§ 260*) — INSTRUCTIONS — REPETITION.

A requested charge need not be given where it is sufficiently covered by the general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

7. TRIAL (§ 191*)—INSTRUCTIONS — INVADING PROVINCE OF JURY.

A charge assuming that failure to look or listen for a train at a railroad crossing was

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

contributory negligence, when that is a question for the jury, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

8. TRIAL (§ 260*) — INSTRUCTIONS — REPETITION.

Defendant's requested charge that if plaintiff was guilty of negligence, which concurring with defendant's negligence, if any, caused or contributed to the injury, there could be no recovery, is sufficiently covered by the general charge, providing that plaintiff must not have been negligent, even though defendant was negligent.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

9. RAILROADS (§ 345*)—CROSSING ACCIDENT—ACTION—PLEADING AND PROOF.

Evidence in an action for collision of an engine with a team at a crossing that defendant had no watchman there is admissible; the petition alleging no negligence in that respect.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1113–1116; Dec. Dig. § 345.*]

10. RAILROADS (§ 351*)—CROSSING ACCIDENT — CONTRIBUTORY NEGLIGENCE — INSTRUCTIONS—BURDEN OF PROOF.

The burden of proof as to contributory negligence, in an action for collision of a train with a team, is shifted by the concluding clause of the charge that, if the jury further find plaintiff exercised ordinary care, they will find for plaintiff, otherwise for defendant.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. § 351.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by Ed Tarver against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

E. B. Perkins and Gilbert & Upthegrove, all of Dallas, for appellant. Geo. Sargeant, of Dallas, for appellee.

MOURSUND, J. Appellee was plaintiff below, and sued appellant for damages for alleged negligence in killing two mules at the intersection of Belleview and Austin streets, in the city of Dallas. The mules, hitched to a wagon, were being driven across the track of appellee, when struck by an engine belonging to appellant. It was alleged that the engine "came down defendant's track at a great rate of speed and violently, negligently, and carelessly, without blowing of whistle, ringing of bell, or other warning, violently and suddenly struck the mules of the plaintiff as they were driving moderately across the track, killing one instantly, and so injuring the other that it died in 24 hours thereafter." Defendant answered by general denial and plea of contributory negligence on the part of plaintiff's driver, alleging that he did not stop nor look nor listen for the approach of engines and cars; that he could have seen the engine and cars approaching the place of the accident before the employés of the defendant in charge of the engine could have seen the driver of the team; that said driver with his team was

further from the track at the time the engine and cars came in view than was the engine and cars from the crossing; that the driver approached the track in a fast trot, and traveled as far or farther than the engine between the time same came in view and the time the accident occurred. Upon the verdict of the jury judgment was rendered for plaintiff for $250, from which defendant has appealed.

By its first assignment appellant attacks the paragraphs of the court's charge reading as follows:

"You are instructed that if you find and believe from the evidence, if any, that on September 20, 1909, the plaintiff or his employé, while driving a team of mules and wagon across the track of the defendant railway company, at the intersection of Belleview and Austin streets, in the city of Dallas, Tex., as alleged in plaintiff's petition, and that while so doing the defendant or its agents and servants negligently caused the death, or injuries to said mules as to cause their death, then you will find for plaintiff the reasonable cash market value of said mules against the defendant, unless you should find as hereinafter charged.

"Now, if you find and believe from the evidence that the defendant's engineer did not stop the engine in the shortest time and space possible after he discovered that plaintiff's team was in danger, or by the use of reasonable diligence he could have discovered the danger in time to stop the engine and avoided the accident, or, if you find and believe from the evidence, if any, that the defendant's engineer was negligent in the management of said engine, and did not keep proper lookout for persons and vehicles moving toward or crossing the track, and further find plaintiff's employé exercised ordinary care, or such care as an ordinarily prudent person would have done under the same or similar circumstances in attempting to cross the track of the defendant, then you will find for the plaintiff, otherwise you will find for the defendant."

[1] The first criticism is that the charge requires the engineer to stop his engine in the shortest space possible after he discovered that plaintiff's team was in danger. The rule is well established that the duty which arises upon discovery of peril is to use every means then within the power of those in charge of the engine to avoid injury consistent with the safety of the engine. The charge as given in this case was therefore erroneous. T. & P. Ry. Co. v. Breadow, 90 Tex. 31, 36 S. W. 410; T. & P. Ry. Co. v. Staggs, 90 Tex. 458, 39 S. W. 295.

[2] The second criticism is that the charge submitted the right of the plaintiff to recover on facts not alleged in plaintiff's petition, and not supported by the evidence. The portion of the petition setting out the negligent

acts charged against defendant is copied in full in our statement of the case, and by comparing same with the charge it is readily seen that the court submitted several issues not pleaded by plaintiff. This has been held to constitute reversible error, unless it clearly appears that it was not calculated in any manner to influence the jury. Austin & N. W. Ry. Co. v. Flannagan, 40 S. W. 1046. In this case we think the charge was clearly calculated to influence the jury.

The seventh assignment is overruled because we think the court was correct in refusing to give the special charge. The facts might have been found by the jury as stated in said charge and yet defendant have been guilty of negligence on the ground of excessive speed, which was alleged in the petition.

[3, 4] The second, eleventh, and twelfth assignments of error all relate to the sufficiency of the evidence to sustain a verdict for plaintiff. The second assignment is based upon the court's refusal of a special charge directing a verdict for defendant. The eleventh and twelfth assignments complain of the failure to grant the motion for new trial on account of insufficiency of evidence. While the witnesses for defendant testified to the giving of the statutory signals, the witnesses for plaintiff testified they did not hear same. Worley, the driver of the team, testified he could have heard the whistle had it blown, but did not know whether he could have heard the bill ringing. Pierson testified he did not think the bell could have been ringing at the time, as he had driven down the street at other times, and had heard the bell ringing when trains were approaching the crossing. We think the evidence made an issue for the jury. The failure to look and listen has been held not to constitute negligence per se. Jones v. Transit Co., 146 S. W. 618. The issue of contributory negligence was also for the jury.

The third, fourth, fifth, sixth, and eighth assignments, all complaining of refusal of special charges, are grouped in appellant's brief.

[5] Defendant, in its answer, pleaded certain specific acts as constituting negligence on the part of plaintiff's driver contributing to cause the collision, but it is not specifically alleged that he could have stopped his team in time to avoid the collision after seeing the engine, and special charge No. 2, which precludes a recovery by plaintiff if the driver could have stopped his team after the engine came in sight, by the use of care and caution, was, therefore, properly refused. C., R. I. & P. Ry. Co. v. Stillwell, 46 Tex. Civ. App. 648, 104 S. W. 1071; Edwards v. Bonner, 12 Tex. Civ. App. 236, 33 S. W. 761; G., H. & H. R. R. Co. v. Alberti, 47 Tex. Civ. App. 32, 103 S. W. 699; I. & G. N. R. R. Co. v. Locke, 67 S. W. 1082.

[6] Special charge No. 3 refers to other charges for definition of contributory negligence. No charge specifically defining contributory negligence was given. Otherwise, there is no objection to the charge, but we think it was sufficiently made to appear from the charge of the court that, even though they found negligence on the part of the defendant, plaintiff could not recover if guilty of negligence contributing to the collision.

[7, 8] Special charge No. 5 is erroneous because it assumes that the failure to look or listen constituted negligence; that being a question for the jury. N. & T. C. Ry. Co. v. Gaither, 35 S. W. 179; Jones v. Transit Co., 146 S. W. 618. Charges Nos. 5 and 7 cover practically the same ground. They provide in effect that if plaintiff's driver was guilty of negligence, which, concurring with the negligence, if any, on the part of defendant's employés, caused or contributed to the injury complained of, plaintiff could not recover. The principle of law is correct, and we think charge No. 7 correctly presents the matter, but that it was sufficiently covered in the general charge, which provided in effect that plaintiff must not have been negligent himself, even though defendant was negligent. G., H. & S. A. R. R. Co. v. Wafer, 48 Tex. Civ. App. 279, 106 S. W. 897; St. Louis S. W. Ry. Co. v. Byers, 70 S. W. 558. Appellant under these assignments contends it was entitled to an affirmative presentation and grouping of its defenses in the charge given to the jury. This is correct, but the charge should be drawn in accordance with the requirements stated by our courts. See M., K. & T. Ry. Co. v. Rogers, 91 Tex. 58, 40 S. W. 956; M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; G., H. & S. A. Ry. Co. v. Worth, 107 S. W. 958.

The ninth and tenth assignments, based upon the refusal of special charges Nos. 8 and 9, are overruled, because charge No. 8 is misleading and inapplicable, and No. 9 is covered by the general charge. G., H. & S. A. R. R. Co. v. Wafer, supra.

[9] The thirteenth assignment complains of the admission of evidence that the defendant had no watchman on Belleview street at the place of the collision; the objection being that there was no allegation of negligence by reason of not having a watchman there. The objection is good, and the assignment is sustained. Johnson v. G., H. & N. Ry. Co., 27 Tex. Civ. App. 616, 66 S. W. 906; Fordyce v. Moore, 22 S. W. 235; Lantry-Sharpe Co. v. McCracken, 53 Tex. Civ. App. 627, 117 S. W. 458.

[10] In view of another trial we call attention to the fact that the last clause of the court's charge (copied in our discussion of the first assignment) reading, "And further find plaintiff's employé exercised ordinary care, or such care as an ordinarily prudent person would have done under the same or similar circumstances in attempting to cross

the track of the defendant, then you will find for the plaintiff, otherwise you will find for the defendant"—is subject to the criticism that it shifts the burden of proof as to contributory negligence. See La Prelle v. Receiver, 4 Tex. Civ. App. 394, 395, 23 S. W. 453, also Selman v. G. C. & S. F. Ry. Co., 101 S. W. 1033, and cases therein cited.

For the errors pointed out, the judgment is reversed and the cause remanded.