NORTH TEXAS GAS CO. v. MEADOR.
(No. 7432.)

(Court of Civil Appeals of Texas. Dallas. Jan. 8, 1916. Rehearing Denied Feb. 12, 1916.)

1. MUNICIPAL CORPORATIONS ☖☞821—INJURY TO PEDESTRIAN—DITCH IN STREET—NEGLIGENCE—QUESTIONS FOR JURY.

Under the evidence in an action for injury to a pedestrian in attempting to cross a ditch in a street dug by a gas company, *held*, that whether she acted and relied on invitation of the company's foreman in such attempt, and whether he, in so inviting her, was guilty of negligence proximately contributing to her injury, and whether she exercised ordinary care for her safety, were questions for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. ☖☞821.]

2. TRIAL ☖☞252—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

There being no evidence that plaintiff's injury was caused by a weakened condition of her arm, though it had previously been broken, a requested instruction predicated on a finding of such fact was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. ☖☞252.]

3. TRIAL ☖☞251—INSTRUCTIONS—APPLICABILITY TO PLEADING — CONTRIBUTORY NEGLIGENCE.

Defendant, having specifically pleaded certain acts as contributory negligence, was not entitled to have other acts submitted to the jury as a basis for finding contributory negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. ☖☞251.]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by Jennie Meador against the North Texas Gas Company. Judgment for plaintiff, and defendant appeals. Affirmed.

John T. Suggs, of Denison, and Jones & Hassell, of Sherman, for appellant. Wolfe & Wood, of Sherman, for appellee.

TALBOT, J. This suit was brought by the appellee against appellant to recover damages for personal injuries. Appellee alleged, in substance, that appellant had dug and excavated in a street between her home and that part of the town of Whitesboro to which her business called her a ditch about 16 or 18 inches wide and 3 to 3½ feet deep, in which to lay its mains for conveying gas; that it was necessary for her to cross the ditch, or to go a considerable distance around, and appellant's employé and superintendent, engaged in the work and having charge of the ditch, invited and directed her to cross said ditch, and thereby assured her that it was safe for her to undertake to pass over the same; that, had it not been for such invitation and direction on the part of appellant's said employé, she would have gone a long way out of her way to have reached the point to which she was going by passing around the end thereof. Appellee further alleged that she was an old and feeble woman, with poor judgment, and unable to compre-

hend and understand the danger attending her attempt to cross the ditch in compliance with the invitation and direction of said employé, and believing and relying upon the superior judgment, knowledge, and understanding of said employé, believed that it was safe for her to attempt to do as she was directed. She further alleged that the ditch was dug in such manner as to leave about its edges and at the surface loose dirt, which would cave and slough off when weight or pressure was applied, which was unknown to her, but was known to defendant's employé; that in compliance with the invitation and direction of said employé she did attempt to cross the ditch, when she fell into the same and was injured. The specific acts of negligence alleged and relied upon are:

"(a) In inviting and directing plaintiff, an old, feeble, and infirm woman, with poor judgment and discretion, to attempt to pass over said ditch at said time and place; (b) in inviting and directing plaintiff to cross said ditch at said point, where the edges of the bank and the ground were loose, so that, when plaintiff's weight was placed thereon, the same was caused to break off and permit her to fall therein; (c) that said defendant was guilty of negligence in inviting and directing plaintiff to cross said ditch at said place, without knowing that the same was secure and safe for her to attempt to go over the same, or without making the same safe for ordinary use."

Appellant answered by denying that plaintiff received any injuries whatever as a result of its negligence. It denied that it had excavated a ditch of the depth alleged by appellee, and denied that any of its agents invited appellee to cross said ditch. It denied that appellee was feeble and of poor judgment, and unable to comprehend and understand the danger attending her to cross said ditch, and denied that loose dirt had been left on the edges thereof. It alleged that the condition of the ditch and its surroundings were open and obvious, and if there was any danger in crossing the same such danger was as open and obvious to appellee as to appellant, and that appellee assumed the risk incident to crossing the ditch in the manner that she did, and that she was guilty of negligence contributing to her injuries in attempting to cross the ditch in the manner she did attempt to cross the same, as alleged in her petition. It further alleged that there was an open and unobstructed way around the ditch which plaintiff could have traveled without the loss of time, and that she voluntarily selected the route which she was traveling, and in doing so was guilty of negligence which proximately contributed to her injuries, and that in taking the route which she did take she assumed the risk of injury therefrom. Further answering, the appellant charged that the appellee was further guilty of contributory negligence in this: That her said arm had been broken and injured before, and was weak and peculiarly susceptible to injury, which fact was not apparent to and

was unknown to defendant and its servants, but which was well known to plaintiff; that plaintiff, in attempting to cross said ditch, negligently threw the weight of her body upon said arm, and that her injury resulted, not from any fall, but from the weight of her body upon said weakened and injured arm; and that in undertaking to cross said ditch, and in putting the weight of her body upon said arm in said manner, she was guilty of negligence which proximately contributed to cause her injury, and assumed the risk incident to the manner adopted by her in crossing said ditch.

A trial, November 13, 1914, resulted in a verdict and judgment in favor of appellee for the sum of $700, and appellant appealed.

The assignments of error from the first to the fourth, inclusive, complain respectively of the refusal of the trial court to give to the jury certain special charges requested by appellant, directing the jury to return a verdict in its favor. It is asserted that the court erred in refusing these charges because: (1) The evidence failed to show that appellant was guilty of any act of negligence, either in the construction of the ditch in question, or in the conduct of its foreman in charge of the digging of said ditch at the time appellee was injured; (2) because the undisputed evidence showed that appellee was guilty of contributory negligence in the manner in which she attempted to cross the ditch, in that she wholly failed to look and observe said ditch, and the place where she was stepping and about to step, and to take any precaution or exercise any care whatever for her own safety;. (3) because the undisputed evidence showed that the ditch was as open and obvious to appellee as it was to appellant and its foreman, and she assumed the risk of undertaking to cross it at the time and in the manner she did; and (4) because the evidence wholly failed to show that appellee at the time she undertook to cross the ditch in question relied upon the invitation of appellant's foreman and accepted such invitation as an assurance of safety.

[1] We do not agree that the evidence was of the character here claimed, and hence not prepared to hold that the trial court would have been warranted by it in instructing a verdict for appellant. The appellee was an old lady 72 years of age. She testified:

"How I came to attempt to cross the ditch: The boss said to me, 'You can cross right here,' he says, 'it ain't very wide across.' I just walked up to it, and I said, 'Please take my hand,' and he took my hand, and the dirt gave way under my foot; and I think I slipped into the ditch."

On cross-examination she said:

"When I went to cross I didn't see any place to cross, and the boss says, 'You can cross right here.' I didn't look to see how wide it was. I didn't look to see how deep it was. I didn't look to see where I was going to step. I looked to see where I was putting my foot before I went to step. I looked to see whether my foot was on solid ground before I went to step. It was on solid ground."

The ditch appellee was attempting to cross when hurt was 12 inches wide, and the testimony varies as to its depth. Appellant's witness J. H. Wells testified that he measured it with a rule, and that it was 12 inches wide and 12 inches deep; while appellee's witness J. E. Davis testified that he would be safe in saying the ditch was 2½ feet deep. The testimony was also conflicting as to whether the appellant's foreman invited appellee to cross over the ditch and as to whether she actually fell in the ditch. That appellee's arm was broken, and her shoulder in some manner injured in attempting to cross the ditch seems not to be denied. Pannill, appellant's foreman, said in substance, that he caught hold of appellee's arm to assist her in crossing the ditch, and that as she "stepped astraddle of the ditch" he " 'heard something pop,' and appellee then cried out, 'Oh, my arm is broken.' "

Considering the evidence as a whole, we think it must be held that whether appellee acted and relied upon the invitation of appellant's foreman, Pannill, in attempting to cross the ditch at the place she did, and whether appellant's said foreman was guilty of negligence in inviting her to cross at such place under the circumstances, which proximately contributed to her injury, and whether the appellee exercised ordinary care, in view of the circumstances and conditions surrounding her, for her own safety, were issuable facts for the determination of the jury. There was evidence to the effect that the soil was sandy, that loose dirt had been piled along the ditch, that it had been raining, and the edges of the ditch had in many places crumbled and "sloughed off." These were conditions known to appellant's foreman and not known to appellee. Appellee testified that she could not state how deep the ditch was, that she did not look to see how wide it was, nor where she was going to step, but that she did look to see where she was putting her foot before she attempted to step over the ditch, and that as she was in the act of stepping across the dirt gave way under her foot and she slipped into the ditch. Thus it appears, it seems to us, that the failure of appellee to acquaint herself with the width and depth of the ditch, and to observe just where she was going to place her foot on the opposite side thereof, had practically nothing to do with the accident and her injuries. The conclusion that the condition of the soil at and about the ditch where appellee was invited by appellant's foreman to cross over it, his invitation to appellee to cross at such place without exercising ordinary care to make the place reasonably safe for her to cross, or otherwise to exercise such care to prevent injury to her in her attempt to cross over the ditch, were the proximate cause or causes of her injury, is, to say the least, very reasonable; and at the request of appellant the court charged the jury that:

"Even though you believe from the evidence that defendant's foreman, Pannill, invited the plaintiff to cross said ditch on the occasion in question, and if you further believe from the evidence that such invitation was negligence, yet, unless you believe from the evidence that plaintiff relied on such invitation as to her being able to make said crossing in safety to herself, and would not have attempted to cross said ditch but for such invitation, you will find for defendant."

We do not think the issue of assumed risk was in the case. That the ditch was open to observation is clear, but it cannot reasonably be said, as a matter of law arising upon the facts, that the danger of attempting to cross over it, as appellee did, was obvious. That she did not assume the risk of crossing is evidenced by the fact that she declined to make the attempt until appellant's foreman invited her to do so. We conclude the peremptory instructions were properly refused.

[2] The fifth assignment of error complains of the court's refusal to give a special charge requested by appellant to the effect that, if appellee attempted to cross the ditch by the assistance of the foreman, Pannill, and Pannill acted as an ordinarily prudent person would have acted under the same circumstances, and that the injury, if any, resulting to the appellee, was caused by a weakened condition of her arm or shoulder, to return a verdict for appellant. We think there was no error in refusing this charge, for the reason that the evidence failed to raise the issue therein sought to be submitted. There was evidence that appellee's arm had been previously broken, but none that would have warranted a finding that because thereof appellee's arm was weakened and more liable to break on the occasion in question. Dr. Carey, the physician who attended appellee, testified that her arm having been broken prior to the accident out of which this suit grows "would not have rendered it more easily broken at another point, nor would it have rendered it more easily broken if it had been broken on the occasion in question at the same site as the previous fracture, provided union had been good"; that "if you get union the arm is just as strong after the fracture as it was previously." We have been unable to discover any testimony in the record tending to show that a good union had not been obtained after appellee's arm was broken, prior to her attempt to cross the ditch dug by appellant, and that the former fracture rendered her arm on the occasion in question more likely to break.

[3] The appellant requested the court to charge the jury as follows:

"If you believe from the evidence that a person of ordinary prudence, situated and circumstanced as plaintiff was on the occasion when she undertook to cross said ditch, would have looked and observed said ditch and the place where she was undertaking to step; and if you further believe from the evidence that plaintiff, on said occasion, failed to look and observe said ditch and the place where she was undertaking to step; and if you further believe from the evidence that such failure, if any, upon the part of plaintiff, proximately contributed to cause the injury, if any, she sustained on said occasion, you will find for the defendant."

This charge was refused, and its refusal complained of in appellant's seventh assignment of error. In its general charge the court correctly defined contributory negligence, and told the jury that if they believed the appellee was guilty of contributory negligence in attempting to cross the ditch, or if they believed her injury was the result of her failure to exercise ordinary care for her own safety to find in favor of the appellant.

The contention of appellant is that, in view of the general charge on the question of contributory negligence, the appellant was entitled to have the facts enumerated in the special charge grouped as they were, and the judgment of the jury upon the evidence relative to the issue raised by such facts invoked. It is a well-established rule that the defendant in an action for personal injuries has the right ordinarily to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which it is claimed constitutes contributory negligence, with instruction that if it did to find for the defendant. But we do not find that the pleadings and evidence in the case at bar called for the giving of the special charge under consideration. As we have said in a former part of this opinion, the failure of the appellee to observe the width and depth of the ditch and the place where she was undertaking to step had practically nothing to do with the accident causing her injuries, and could not be regarded as a proximate cause of said injuries; besides, appellant in pleading the defense of contributory negligence did not plead that the appellee was guilty of negligence contributing to her injury, in that she failed "to look and observe the ditch and the place where she was undertaking to step." The specific plea of contributory negligence was that there was an open and unobstructed way around said ditch, which was open and obvious to appellee, and which she could have traveled without loss of time or inconvenience, and in safety, and that she voluntarily chose not to follow such safe and convenient way; that her arm had been previously broken and weakened, and that in attempting to cross the ditch she negligently threw the weight of her body upon said arm; and that her injury resulted, not from any fall, but from the weight of her body upon said arm. Having specifically pleaded the foregoing acts constituting contributory negligence, appellant was not entitled to have the acts specified in the special charge refused submitted to the jury as a further basis for a finding of contributory negligence on appellee's part, and there was no error in refusing the special charge. Railway Co. v. Hagood, 21 Tex. Civ. App. 442, 52 S. W. 574;

Railway Co. v. Locke, 67 S. W. 1082; Railway Co. v. Foster, 87 S. W. 879; Railway Co. v. Alberti, 47 Tex. Civ. App. 32, 103 S. W. 699; Railway Co. v. Stillwell, 46 Tex. Civ. App. 647, 104 S. W. 1071.

The evidence is sufficient to sustain the verdict, the issues were fairly submitted, and no reversible error being pointed out by appellant's assignments, the judgment of the court below will be affirmed.

Affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes