. ARDELLA A. HICKS v. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

No. 1195. Decided March 19, 1903.

Negligence—Pleading—Variance—Substance of Allegation.

Though plaintiff must recover upon the negligence alleged in his pleadings, even if unnecessarily specified therein, it is sufficient that the substance be proved and he is not held to every unnecessary and immaterial detail; thus, it is no variance if the injury to a railway passenger was alleged to be caused by a negligent jerk of the car, causing it to lurch back and forward, and the proof showed that the jerk caused it to lurch or move sideways. (Pp. 356-358.)

Error to the Court of Civil Appeals for the First District, upon error from Colorado County.

Ardella Hicks brought suit against the railway company, prosecuted writ of error from a judgment for defendant, and on its affirmance obtained writ of error from the Supreme Court.

*W. L. Adkins,* for plaintiff in error.—Under the allegations of plaintiff's petition charging generally that the train was negligently managed, and the coach negligently and recklessly jerked and jolted, as well as under the more specific complaint that the coach was caused to lurch back and forward, the defendant would be liable, if negligent, whether the evidence showed that the back and forward lurching of the coach was sideways or endways. East Line & R. R. Railway Co. v. Brinker, 68 Texas, 500; Gulf, C. & S. F. Railway Co. v. Smith, 74 Texas, 276; Galveston, H. & S. A. Railway Co. v. Templeton, 87 Texas, 42; Bryan Cotton Seed Oil Mill v. Fuller, 57 S. W. Rep., 924; Houston & T. C. Railway Co. v. Rowell, 45 S. W. Rep., 763.

*Baker, Botts, Baker & Lovett* and *A. L. Jackson,* for defendant in error.—The plaintiff claimed in her petition that the car was caused negligently "to lurch back and forward,"—there was no allegation in her pleading of a jar or jolt causing the train to move sideways,—and such being the state of pleading, and plaintiff and others having given testimony tending to indicate that the alleged jar or jolt complained of was such as caused a movement of the car sideways and not a lurch back and forward as alleged, it became the duty of the trial judge to give the special charge complained of in this assignment. Galveston, H. & S. A. Railway Co. v. Washington, 94 Texas, 570; Johnson v. Galveston, H. & N. Railway Co., 66 S. W. Rep., 907; Railway Co. v. Summers, 49 S. W. Rep., 1107; Railway Co. v. Hennessey, 75 Texas, 157; Railway Co. v. Herring, 36 S. W. Rep., 129; Railway Co. v. Vance, 41 S. W. Rep., 168; Railway Co. v. Younger, 10 Texas Civ. App., 141.

WILLIAMS, Associate Justice.—Plaintiff in error brought this suit to recover damages for the death of her minor son, Ellis Hicks. She alleged, that, while Ellis Hicks was traveling as a passenger on one of the defendant's trains, its "employes in charge of and managing said train and coach upon which Ellis Hicks had taken passage negligently managed said train and cars and the locomotive pulling them and negligently and recklessly jerked and jolted the coach in which said Ellis was a passenger, in a violent and unsuual manner, causing it to lurch back and forward with such force and violence as to throw Ellis violently backward against and across the arm of one of the seats in said car," inflicting injuries which caused his death. Some of the evidence introduced by plaintiff was that the jerk or jolt caused the coach to lurch sideways and that this threw the boy backward across the arm of the seat. At the request of defendant the court charged the jury in substance that, as plaintiff had not alleged any jerk or jolt causing the coach to lurch sideways, she could not recover if Ellis Hicks was caused to fall "as the result of some movement or jerk or jolt causing the coach to lurch or move sideways." The assignment of error founded on the giving of this instruction should, in our opinion, have been sustained by the Court of Civil Appeals. It is true, as contended by counsel for defendant in error,

that if the plaintiff in such a case unnecessarily specifies the acts or omissions of defendant in which its negligence consisted, the plaintiff must recover upon proof of such acts or omissions and not upon others disclosed by the evidence but not mentioned in the pleadings. But nevertheless the rule applies that only the substance of the issue need be proved. This does not require proof of every unnecessary and immaterial detail stated in the pleading as connected with the alleged negligence. The rule prevailing in this State on the subject is stated by Judge Wheeler in Kottwitz v. Bagby, 16 Texas, 661. In that case bank bills had been paid by defendant to plaintiff and the latter sued to recover the sum in payment of which the bills had been taken, alleging that the bills were worthless and counterfeit. The proof showed only that the bills were worthless, and the objection was urged that the allegations and proof did not correspond; but the court said: "Under the common law pleadings and practice, the consequence perhaps would be that, failing to make the corresponding proof, he would fail in his action; such being the consequence of needlessly averring what the party could not prove. But with us the practice has been different. The proof must meet and conform to the material and essential averments in the pleadings; but if the pleadings contain averments which are not material and essential, these, unless they occasion repugnancy or inconsistency, may be treated as mere surplusage which does not vitiate on demurrer, or defeat a recovery on proof of the essential allegation of the party, though the matter unnecessarily averred be not proved."

In Texas & Pacific Railway Company v. Kirk, 62 Texas, 232, Justice Stayton said: "The petition alleged that the rail which caused the cars to be thrown from the track was and had been broken for several days before the injury, and that a part of the rail was missing, and it is claimed that both of these defects must have been proved to authorize a recovery.

"We do not so understand the rule. The general rule regulating the sufficiency of evidence is, that it is sufficient if the substance of the issue be proved. 1 Greenl., 561.

"The substance of the issues in this case was: Was the track of the appellant's road unsound and unsafe by reason of defective rail, and was that the cause of the injury?

"It was alleged that the track was defective in two respects. 1. That the rail was and had been for some time broken. 2. That a part of the broken rail was missing. Proof of either of these facts would have been sufficient to establish the defective character of the track, and to sustain so much of the issue; and if the other evidence in the case showed that such defect caused the injury, then the matter in issue was sufficiently proved, in so far as it was necessary to show the cause of the injury, and so far as the issue under consideration was concerned."

In Gulf, Colorado & Santa Fe Railway Company v. Johnson, 91 Texas, 569, the plaintiff alleged that he was thrown from a hand car by derailment of it, and the proof showed that, as he was falling, he

jumped from the car in order to save himself; and this was held to be a sufficient correspondence between the allegations and proof.

In International & Great Northern Railway Company v. Dyer, 76 Texas, 160, the plaintiff alleged that defendant, by a "flying switch," propelled the cars along its track across a public street. The proof showed that the cars were not moved by a "flying switch." The court said: "We do not think the allegation of a flying switch a material or essential one. The gist of the complaint was that defendant, without proper care and in disregard of the safety of the public, propelled unguarded cars along its track, which forced other detached cars on the street crossing, thereby causing the injury." These examples will suffice to show the proper application of the rule relied on to the facts of this case. The substance of the issue was whether or not defendant's employes, by negligence in operating the train, caused the coach to lurch or jerk and thereby inflict injuries which caused the death of plaintiff's son and the direction of the motion is wholly immaterial. The instruction was erroneous and the judgment must therefore be reversed.

One of the assignments of error questions the admission of evidence of a physician in answer to a very lengthy and involved hypothetical question. The answer of the witness seems to some extent to be based upon his understanding of or conclusions from the evidence and not solely upon the facts supposed in the question. This was not within the province of the witness, but seems to have been produced by questions interposed by counsel for plaintiff. The same questions will not probably recur in another trial, and we refer to the matter only to prevent any inference that we hold that such testimony was admissible. The same disposition may be made of the assignment complaining of the action of the court in sustaining objection to the hypothetical question put by counsel for plaintiff to Dr. Beall. For the reason that these questions as they are presented now will not likely arise again it is unnecessary that we pass upon them more definitely. Other points were properly disposed of by the Court of Civil Appeals.

*Reversed and remanded.*