## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. WOODALL. (No. 16–2607.)

(Commission of Appeals of Texas, Section A. Dec. 21, 1918.)

1. CARRIERS &⊃280(1)—DUTY OF CARRIER—DEGREE OF CARE.

Instruction that carrier is required to exercise the "highest degree of care possible" for safety of passengers demands too much.

2. CARRIERS &⊃303(11)—INJURY TO PASSENGER ALIGHTING—LIABILITY—CONDUCTOR'S INVITATION.

Whether carrier was under contractual obligation to allow passenger to alight where he did is immaterial, as regards liability for injury; he being rightfully on the train, and alighting at conductor's invitation.

3. CARRIERS &⊃333(3)—PASSENGER ALIGHTING — CONDUCTOR'S INVITATION — ASSUMPTION AS TO AUTHORITY.

A passenger who, because train did not regularly stop at his station, had ticket for station beyond, could rightfully assume conductor was not exceeding his authority in inviting him to alight, on train being required, on account of freight train, to stop a few yards short of his station.

4. CARRIERS &⊃333(3)—PASSENGER ALIGHTING — CONDUCTOR'S INVITATION — ASSUMPTION AS TO SAFETY.

A passenger invited to alight when train at night was required to stop a short distance from station could rightfully assume conductor was not inviting him to alight at an unsafe place.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by John R. Woodall against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff was affirmed by the Court of Civil Appeals (159 S. W. 1012), and defendant brings error, plaintiff making cross-assignments. Reversed and remanded.

E. B. Perkins, of Dallas, and Daniel Upthegrove, of St. Louis, Mo., for plaintiff in error.

Allen & Allen, of Dallas, for defendant in error.

TAYLOR, J. [1] The main question presented for determination is: Did the Court of Civil Appeals err in holding that the following paragraph of the court's charge correctly defines the care required by the defendant in error in the transportation of its passengers:

"Fourth. On the claim of plaintiff for damages for personal injuries, you are instructed that railway companies as carriers of passengers are required to exercise the highest degree of care possible for the safety of their passengers, both while they are being carried on its trains and while alighting therefrom, and a failure to exercise such care is negligence. They are not, however, to be regarded as insurers of the safety of their passengers."

The facts to which the foregoing charge is applied are, briefly, that the plaintiff purchased from the Houston & Texas Central Railroad Company at Dallas a through ticket over that line and plaintiff in error's line from Dallas to Brownsboro, via Corsicana. Plaintiff went to Corsicana over the H. & T. C. line, and then took passage for Brownsboro on the defendant in error's limited train. Soon after boarding said train, he was advised by the conductor that it did not stop at Brownsboro, and thereupon paid his fare to Chandler, a place beyond Brownsboro, where the train was scheduled to stop. When the train reached Brownsboro, a freight train was standing partly on the main track and partly on a siding, too short to hold the entire train, which made it necessary for the passenger train on which

―――――

&⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the plaintiff was riding to stop about 200 or 300 yards from the station and "saw by" the freight train. When the stop was made during the night at Brownsboro, the plaintiff, having been told by the conductor that the train was at Brownsboro and that he would let him off, alighted from the train. It being further to the ground than plaintiff thought, he lost his balance after striking the ground and fell in a pile of railroad iron and cross-ties, injuring himself. 159 S. W. 1012.

The Supreme Court held in the case of I. & G. N. Ry. Co. v. Welch, 86 Tex. 203, 24 S. W. 390, 40 Am. St. Rep. 829, that it is erroneous to · charge the jury that a carrier must use "all possible care" for the safety of its passengers, and reannounced as the correct rule of liability the following:

"Railroad companies, however, are not insurers of the safety of their passengers further than could be required by the exercise of such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent, and competent persons under similar circumstances." Railway v. Halloren, 53 Tex. 53, 37 Am. Rep. 744.

The charge complained of in this case is subject to the same objection as the one disapproved in the Welch Case, and has a broader and more unlimited meaning with respect to the degree of care required than is consistent with the foregoing rule. The discrepancy is such as to constitute reversible error.

[2-4] Whether the railway company was under contractual obligation to allow the plaintiff to alight from the train where he did becomes immaterial, in view of the fact that he was lawfully on the defendant's train and alighted at the invitation of the conductor. The plaintiff, in view of all the circumstances, had a right to assume that the conductor was not exceeding his authority and was not inviting him to alight at an unsafe place.

"Where carriers transact their business through agents, either general or local, it is equally competent for such agents to bind them by such contracts as the public have a right to suppose they are authorized to make, from the manner in which they are employed, or are seemingly intrusted by their principals." Hutchison, Carriers, § 460.

The plaintiff asserts by cross-assignment of error that the court erred in refusing to give his second special requested charge to the effect that, if the jury found for the plaintiff, they should include as an element of his damages his loss of time and lessened capacity to labor. On another trial of the case, under a similar state of facts, a charge submitting this issue should be given. H.

B. & T. Ry. Co. v. Johansen, 107 Tex. 336, 179 S. W. 853.

We are of opinion that the judgments of the trial court and the Court of Civil Appeals should be reversed, and the cause remanded.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals in the above case is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.