ST. LOUIS, SOUTHWESTERN RY. CO. OF TEXAS v. PRESTON. (No. 152–3115.)

(Commission of Appeals of Texas, Section A. March 16, 1921.)

1. Carriers ☞283(2)—Liable to passengers for acts of employés outside employment.

A carrier is responsible for any conduct of its employés intrusted with the carriage of a passenger which results either in wanton or negligent injury of the passenger at the employé's hands, even though the injury was inflicted by the servant while acting in his own interest and in violation of his duty as the carrier's representative.

2. Trial ☞215—Requested charges relating to special issue not requested or submitted properly refused.

Where an action for injuries to a passenger was submitted to the jury on special issues, and there was no issue submitted or requested by defendant as to the passenger's contributory negligence, if his injury occurred in the manner he claimed, it was not error for the trial court to refuse special charges requested by defendant relating to such contributory negligence, even though they were sustained by the evidence.

3. Trial ☞351(2)—Request for charges on issue not a request for special issue.

Where the case is submitted to the jury on special issues, requests by defendant for charges on a particular issue are not equivalent to a request for the submission of that issue to the jury.

4. Trial ☞352(1)—Special issues submitted in action for injuries to passenger held proper.

In an action for injuries to a passenger, special issues as to whether defendant's porter opened the vestibule on the wrong side of the car for plaintiff, whether he negligently pushed plaintiff's box against plaintiff, knocking the latter from the car while it was in motion, whether his act was the proximate cause of plaintiff's injury, whether the plaintiff opened

---

the vestibule himself and negligently undertook to alight from the moving train, *held* not to be upon the weight of evidence, confusing, or misleading.

**5. Appeal and error ⊂⊃882(14)—Defendant cannot complain of special issue in language of answer.**

Though defendant requested special issues covering only the plaintiff's theory of the case, he cannot complain on appeal of the submission of issues covering the theory of the case presented by his plea substantially in the manner they were pleaded.

**6. Appeal and error ⊂⊃1062(1)—Special issue, requiring finding plaintiff's acts were negligent, held not prejudicial.**

Where the defendant claimed that plaintiff received his injuries by attempting to alight unassisted from a moving train, so that it was not liable for his injuries, whether his action was negligent or not, the use of the word "negligent" in special issues submitting defendant's theory could not have prejudiced it where the jury in answer to other special issues found that plaintiff's injuries were proximately caused by the negligence of the porter in shoving a box against plaintiff and knocking him from the train.

**7. Appeal and error ⊂⊃882(14) — Defendant, pleading acts as negligence, cannot object to issue requiring finding of negligence.**

Where the carrier in an action for injuries to a passenger specially pleaded that the injuries were caused by the passenger's negligent acts, he cannot, on appeal, complain that the special issues submitting his theory included a finding that the acts were negligent.

**8. Trial ⊂⊃205—Charge on burden of proof not always proper.**

A charge on the burden of proof is not necessary or proper in every case, but its propriety depends on the state of the evidence.

**9. Trial ⊂⊃215—Charge requiring plaintiff to prove necessary facts improper on special issues.**

Where the case was submitted to the jury on special issues, so that they were not told what facts were necessary to entitle plaintiff to recover, a requested charge that the burden of proof was on the plaintiff to show by a preponderance of the evidence such facts as would entitle him to recover was properly refused.

**10. Appeal and error ⊂⊃1068(1)—Charge on burden as to special issues held not prejudicial in view of answers to issues.**

Error in a charge that the jury must believe the facts from the preponderance of the evidence before they could answer either of the questions in the affirmative, when applied to the special issues submitting the defense, was not prejudicial, where the jury answered the special issues submitting plaintiff's theory of the case in the affirmative, thereby finding the preponderance of the evidence to establish those facts.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by W. E. Preston against St. Louis, Southwestern Railway Company of Texas. Judgment for the plaintiff was affirmed by the Court of Civil Appeals (194 S. W. 1128), and defendant brings error. Affirmed.

E. B. Perkins, of Dallas, J. M. Burford and Butler Rolston, both of Mt. Pleasant, and L. W. Davidson, of Mt. Vernon, for plaintiff in error.

R. T. Wilkinson, of Mt. Vernon, Evans & Shields, of Greenville, and Chas. L. Black, of Austin, for defendant in error.

SONFIELD, P. J. Action by W. E. Preston, plaintiff, against St. Louis, Southwestern Railway Company of Texas, defendant, for recovery of damages.

The cause was submitted to the jury on special issues, and upon the special verdict returned judgment was rendered for plaintiff, which on appeal was affirmed. 194 S. W. 1128.

Plaintiff was a passenger on defendant's train from Dallas to Winfield. He was seated in the coach next to the baggage car from the locomotive. The front end of this coach was equipped with a vestibule and divided into two compartments, the front one being for negro passengers and the other the "smoker" for white passengers. Plaintiff was seated in the "smoker." Defendant's depot at Winfield was situated on the north side of its track, and passengers from and to that station, in compliance with its rules and regulations, usually entered and left its trains on that side. Plaintiff had with him a box of whisky, weighing, with its contents, some 40 or 50 pounds. He testified that before the train reached Winfield he had an understanding with defendant's porter to assist him to alight on the opposite side of the train from the station at Winfield. When Winfield was announced, he took up his box of whisky, and went into the compartment for negroes, the porter opening the vestibule door for him, and he stepped down on the next to the bottom step. The porter set the box down close to the top step. Plaintiff stood there, waiting for the train to stop. When the train was within 25 or 30 yards from the station, the porter told him it was time for him to get off, and thereupon shoved the box of whisky from the step onto him, causing him to fall from and under the coach, the wheels of which ran over his leg, so injuring it as to necessitate its amputation. Plaintiff further testified that at the time he made the request of the porter he thought a compliance with it would be against defendant's rules and regulations, and for that reason he did not make it until after another porter and the conductor, who were in the coach as it approached Winfield, had left the coach.

The porter denied assisting or agreeing to assist the plaintiff off the train, and denied being present when the plaintiff fell; and he and the other members of the train crew denied any knowledge whatever of plaintiff's intention to get off the front end of the negro coach and on the side opposite from the passenger station.

The only negligence alleged was the act of the porter in shoving or pushing the box upon and against plaintiff, causing him to fall from the train and under the wheels of the car.

Defendant answered by general denial and general demurrer and special pleas, to the effect: (1) That at the time plaintiff claims to have been injured he was under the influence of intoxicating liquor; that before the train reached Winfield, and while it was in motion, he voluntarily and unnecessarily, and without using ordinary care for his own safety, left his seat in the smoking car, went through the negro coach and out on the front platform, and down on the steps of said coach, on the south side thereof, and opposite from defendant's depot, carrying with him, out on the platform and down on the steps, the box of liquor, and, through the failure to exercise ordinary care, either fell or jumped off the train while it was in motion, or attempted to get his box of liquor off the train after he himself got off, and thereby received the injury, if any, of which he complains, and thereby was guilty of negligence which caused and contributed to cause his injuries; (2) that plaintiff prior to his injury solicited and secured from different parties living around Winfield various sums of money, for the purpose of going to Dallas and purchasing intoxicating liquors, to be delivered to such parties in violation of the penal laws of this state; that plaintiff thereafter did go to Dallas, and at the time he was injured was transporting the liquor to Winfield to be so delivered by him; that in order to avoid detection and arrest by the officers, he undertook to get off the train before it stopped, on the side opposite from the station, when, in some way unknown to defendant, and without any negligence on its part, he fell off and under the train; that in attempting to get off the train in the time, place, and manner in which he did, he was guilty of negligence which caused and contributed to cause his injuries; (3) that if the porter made any of the agreements or promises, or committed any of the acts alleged by plaintiff, he was acting entirely without the scope or apparent scope of his authority, and in collusion with and for the personal accommodation of the plaintiff, and defendant is not liable in any way for the alleged acts and promises.

The questions submitted to the jury, and answers thereto, are as follows:

"(1) State whether or not you find from the evidence in this case that the defendant's train porter, as charged by plaintiff, undertook to open the vestibule door for plaintiff and to aid the plaintiff in alighting and taking his box of liquor from defendant's train at Winfield, Tex. Answer: Yes.

"(2) State whether or not you find from the evidence in this case that defendant's train porter negligently pushed or shoved or caused plaintiff's box of liquor to fall from the steps in the vestibule of defendant's train, down the steps thereof, onto or against the plaintiff, thereby knocking him from the said steps, as alleged by plaintiff, as negligence is defined to you in this charge. Answer: Yes.

"(3) If you find from the evidence that defendant's train porter did negligently push, shove, or cause plaintiff's box to fall from the steps in the vestibule of defendant's train, down the steps thereof, onto or against plaintiff, then state whether or not the said act of defendant's train porter, if any, was the proximate cause as defined to you herein. Answer: Yes.

"(4) State whether or not you find from the evidence in this case that the plaintiff, while a passenger on defendant's train, took his box of intoxicating liquor to the vestibule of defendant's train at the front end of the coach prepared for colored people, with the intention to alight from said train on the opposite side from the depot, for the purpose of avoiding detection and arrest by the officers. Answer: No.

"(5) State whether or not you find from the evidence in this case that the plaintiff, without the aid of defendant's employés, or either of them, opened the vestibule door of defendant's train on the opposite side from its station at Winfield, and negligently undertook to alight with his box of liquor from defendant's moving train. Answer: No.

"(6) If you find from the evidence that plaintiff took his box of liquor to the vestibule of defendant's train, and opened the door and undertook to negligently alight with his box of liquor from defendant's train without the aid of defendant's servants, or either of them, then state whether or not you find that the said act of the plaintiff was the proximate cause of his injury. Answer: No.

"(7) State the amount, if any, of damages the plaintiff has sustained and suffered by reason of his injuries. Answer: $5,000."

[1] Defendant asserts that the evidence establishes that its porter, in the performance of the act complained of as negligent, was acting for and in behalf of plaintiff, and beyond the scope or apparent scope of his authority, and that the Court of Civil Appeals erred in holding it liable for the negligence of the porter under the circumstances. A carrier is responsible for any conduct of its servants, intrusted with the carriage of a passenger, which results either in his wanton or negligent injury at their hands, regardless of the authority for the specific act, or that the infliction of the wrong was by the servant while acting in his own interest and in violation of his own duty as the carrier's representative. This liability

is predicated upon the proposition that such a breach of the contract of carriage, through act or omission by the servant, is the violation of a duty, primarily that of the carrier, by one who, as respects that duty, stands in the carrier's place, clothed with all the carrier's authority and imposed with the carrier's obligations. Such is the holding of our Supreme Court in the recent case of Texas Midland R. R. v. Monroe, 216 S. W. 388. The opinion in that case is a full and clear presentation of the basis of the carrier's liability, rendering further discussion by us unnecessary. We held that, under the state of facts here presented, defendant was liable for the negligent act, if any, of its porter.

Writ of error was granted herein by the Committee of Judges. The notation upon the docket is as follows:

"Referred application granted. We are under the impression that the pleadings and evidence required the submission of the issue of contributory negligence as suggested in special charges Nos. 5, 11, and 17."

Defendant requested the court to submit several special issues and a number of special charges; among the latter, those referred to by the Committee. Special charge No. 11 reads as follows:

"You are instructed that if you find that the plaintiff was under the influence of some intoxicating liquor, and that by reason thereof he failed to exercise for his own safety such care as a person of ordinary care would have exercised under the same or similar circumstances, and that such failure to exercise ordinary care either caused or contributed to cause his injury, you will find that the plaintiff was guilty of contributory negligence, and you will answer in the affirmative on this issue."

Special charge No. 17 is quite lengthy. Therein certain facts were grouped, and the jury was instructed that if plaintiff did the things stated in the charge, he would be guilty of contributory negligence, "and you will so find in answer to the issue submitted to you on this subject."

In the application for the writ, error is assigned to the action of the court in refusing these two special charges, but not to the refusal of special charge No. 5. Reference to that charge in the granting of the writ was evidently inadvertent.

[2] The Court of Civil Appeals held that the evidence did not raise the issue of contributory negligence as pleaded. The correctness of this conclusion need not be determined, for the reason that in the state of the record before us the refusal of these charges and the failure to submit the issue of contributory negligence cannot be held erroneous.

Defendant requested the submission of several special issues, involving its defense of contributory negligence, which were refused. That issue was not submitted. No error is assigned herein to the action of the court in failing or refusing to submit the issue. The requests preferred by defendant, numbered 11 and 17, were special charges, in contradistinction to special issues. They contemplated the submission of a question, or questions, involving the issue of contributory negligence, and therein the jury was instructed that certain facts, if found, would constitute contributory negligence on the part of the plaintiff, necessitating an affirmative answer to such question, or questions. The purpose of these requested charges is thus stated by defendant in its assignment of error to the refusal of special charge No. 17:

"Defendant, having pleaded substantially the matters and facts enumerated as contributory negligence on the part of the plaintiff, was entitled to have this group of facts submitted to the jury to be considered in passing upon the issue of the contributory negligence of the plaintiff."

Conceding the correctness of the requested special charges, and that the pleadings and evidence raised the issue of contributory negligence, the charges could be given only in connection with and as explanatory of the issue of contributory negligence. In the absence of a question involving that issue, there was nothing to which the charges were applicable, and their only effect would be to confuse the jury.

[3] The special charges suggested the issue of contributory negligence, but did not request its submission. They cannot be deemed, or taken to be, a request for the submission of the issue. Nor can an assignment of error to the refusal of the charges be taken as an assignment to a refusal to submit the issue. Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132.

[4] We concur in the conclusion of the Court of Civil appeals that the issues as submitted were not, upon the weight of the evidence, confusing or misleading.

In answer to the first three questions, the jury found that defendant's porter did undertake to open the vestibule door for plaintiff and to aid him in alighting and taking his box from the train; that the porter negligently pushed or shoved or caused the box to fall on or against plaintiff, knocking him from the train, and that such act of the porter was the proximate cause of plaintiff's injury. The issues so responded to were clear and full, and in substance and effect the same as requested by defendant.

It is urged by defendant that only the three questions requested by it, submitting plaintiff's theory, should have been given, and that questions 4, 5, and 6 were erroneous in several particulars.

[5] Defendant alleged and sought to establish that plaintiff in procuring the liquor for delivery by him to various parties was violating the law, and that he undertook to alight from the train on the opposite side from the station with intention to avoid detection by the officers at Winfield. Question No. 4 submitted this issue in the manner as pleaded, and defendant is in no position to complain of its form or its submission.

Defendant complains that the only act of negligence, alleged or supported by any evidence, was that of the porter in pushing or shoving the box against plaintiff; that if plaintiff undertook to alight from the train with his box, unaided by the porter, no recovery could be had, regardless of whether the acts of plaintiff were negligent; and in order to answer questions 5 and 6 in the affirmative, and hence favorably to it, the jury were required to find the acts of plaintiff negligent.

[6] The findings of the jury in response to the first three questions fixed defendant's liability. They negatived the theory that plaintiff undertook, negligently or otherwise, to alight with his box, unaided by the porter. Having found that the porter did so undertake to assist plaintiff, and was guilty of the negligent act charged, it can hardly be true that the jury were restrained from answering questions 5 and 6 in the affirmative because of the reference therein to the negligence of plaintiff, or that such reference in any manner misled the jury to the prejudice of defendant.

[7] Eliminating the defense of nonliability of defendant for the negligent act of its porter under the circumstances of the case, and that of contributory negligence, the only question for determination was the cause of plaintiff's fall. Plaintiff attributed it to the negligent act of the porter; defendant to the negligent acts of plaintiff himself. Defendant not only denied negligence on the part of its porter, but especially pleaded that plaintiff's fall resulted from his own negligent acts. Having pleaded and sought to establish that plaintiff's fall from the train was the result of certain of his own acts, negligent in their character, defendant cannot complain that the negligent character of plaintiff's acts so pleaded was included in the questions submitted.

Defendant assigns error to the refusal of the court to give the following requested instruction:

"Under the law, the burden of proof is on the plaintiff to show, by a preponderance of the evidence, such facts as will entitle him to recover, and, if he fails to do this, as to any fact in issue upon which a recovery must depend, you must find against him upon such issues."

Herein the court instructed the jury as follows:

"In order for you to answer either of the questions propounded Yes, you must believe the facts to be true from a preponderance of the evidence in the case."

[8] A charge on the burden of proof is not necessary or proper in every case. The propriety of such charge depends on the state of the evidence. Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963; T. & N. O. R. Co. v. Syfan, 43 S. W. 551; Chittim & Parr v. Martinez, 94 Tex. 141, 58 S. W. 948.

[9] The cause was submitted upon special issues. In such case, it is the province of the jury to find the facts, and of the court to apply the law to the facts as found. In the submission of a cause upon a general charge, requiring a general verdict, the jury is informed of the facts upon which a plaintiff relies, and which he must establish to entitle him to recover; but this is not true in the submission of a cause upon special issues. To instruct the jury that the burden of proof was on the plaintiff to show, by a preponderance of the evidence, such facts as would entitle him to recover, would necessitate a further instruction, informing the jury as to which of the facts submitted were relied upon and necessary to entitle him to recover.

[10] The jury answered the first three questions in the affirmative. As before stated, the answers to these questions were findings that defendant was negligent and fixed its liability. They necessarily negatived defendant's theory, involved in the last three questions, that plaintiff's injury resulted from his own negligence. Under the court's charge, in order to an affirmative answer to the first three questions, the jury must have believed them established by a preponderance of the evidence. The burden resting upon plaintiff was thereby fully discharged. Conceding error in applying the charge on the preponderance of the evidence, to those questions involving defendant's theory of defense, it can hardly be held that such error was in its nature prejudicial. Having answered the first three questions in the affirmative, the remaining questions became immaterial. If the jury had answered the first three questions in the negative, involving a finding of no negligence on the part of defendant, judgment, of necessity, would have been for defendant, whatever the answers to the remaining questions. If, as found by the jury, it was established by a preponderance of the evidence that plaintiff's fall, and consequent injuries, resulted from the negligence of defendant, it follows, as of course, that the fall and injuries could not have resulted from the negligence of plaintiff.

Under the condition of the evidence and the manner of submission of the cause, we do not think a charge upon the burden of proof

was necessary; but, if necessary, the charge requested was incorrect, and the charge of the court as to the preponderance of the evidence, if erroneous, was without prejudice to defendant.

We are of opinion that the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.