**FORT WORTH & D. C. RY. CO. v. LOVETT et ux. (No. 1986.)**

(Court of Civil Appeals of Texas. Amarillo. June 7, 1922.)

1. Carriers ⊂⇒314(5)—Petition held to allege that brakeman in inviting passenger to alight at dangerous place acted within the scope of his authority.

In an action against a railroad for injuries sustained by a passenger when alighting from a train, where acts were sufficiently alleged to show that the brakeman was on the train as such, and that as brakeman and as the employee and servant of the railroad he invited and permitted the passenger to alight at a dangerous place for discharging passengers not provided by the railroad for the discharge thereof, held sufficient to state a cause of action against the railroad as against the contention that there was no allegation that the brakeman was acting within the scope of his authority.

2. Carriers ⊂⇒283(2)—For what conduct of servants intrusted with carriage of passengers carrier responsible stated.

A carrier is responsible for any conduct of its servants intrusted with the carriage of a passenger resulting either in the wanton or negligent injury at their hands, regardless of the authority for the special act or that the infliction of the wrong was by the servant while acting in his own interest and in violation of his own duty as the carrier's representative.

3. Pleading ⊂⇒389.— Plaintiff not required to prove every unnecessary or immaterial detail exactly as alleged.

A plaintiff is required to prove merely the substance of the issue, and need not prove every unnecessary or immaterial detail exactly as alleged.

4. Carriers ⊂⇒315(4)—Variance between allegation that passenger slipped or fell off train, and proof that she jumped off, held immaterial.

In action for injuries to alighting passenger, in which it was alleged that the brakeman was negligent in permitting and inviting the passen-

ger to alight at the place and time of the accident, variance between petition alleging that the passenger in attempting to alight "lost her balance or slipped from said steps," and proof that she jumped off, held not fatal; it being immaterial, in so far as the negligence of the railroad was concerned, whether she slipped and fell or jumped.

5. Negligence ⊂⇒139(1) — Instruction defining "contributory negligence" held not erroneous.

Instruction defining "contributory negligence," concluding that it must be a "proximate cause of the injury complained of and but for which the injury would not have occurred," held not erroneous, even though tautological in that it uses two terms to express the same idea.

6. Appeal and error ⊂⇒1062(1)—Submission of issue where evidence is undisputed as to some portion thereof not always reversible error.

It is not always reversible error to submit an issue to the jury where the evidence is undisputed as to some portion of the issue, however proper it may be for the court to assume that the fact submitted is established.

7. Carriers ⊂⇒347(12)—Refusal to submit issue of passenger's contributory negligence in getting off at place other than that called for by ticket held error.

In action for injuries to alighting passenger, in which it was claimed that the railroad was negligent in permitting and inviting the passenger to alight at a dangerous place not provided for the discharge of passengers, refusal to submit an issue as to whether a passenger was contributorily negligent in alighting at a place other than that called for by her ticket held error.

8. Carriers ⊂⇒347(11)—Passenger's contributory negligence in attempting to alight from moving train held for jury.

In action for injuries to alighting passenger, the pleadings and evidence held to raise an issue for the jury as to whether the passenger was contributorily negligent in attempting to alight from moving train.

9. Negligence ⊂⇒119(6)—Contributory negligence must be pleaded.

The issue of contributory negligence to be available to defendant must be raised by the pleadings.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by C. A. Lovett and wife against the Fort Worth & Denver City Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed.

Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellant.

Weeks, Morrow & Francis, of Wichita Falls, for appellees.

HUFF, C. J. Appellee C. A. Lovett and his wife, Ida Lovett, brought this action against the Fort Worth & Denver City Railway Com-

pany for damages occasioned by personal injuries received by Mrs. Lovett while a passenger on appellant's passenger train. It is alleged in substance on September 21, 1920, Mrs. Lovett purchased a ticket from Iowa Park, Tex., to Wichita Falls, Tex., paying the customary charges for the ticket between the two points. It was her intention to visit her brother who resided in Scotland addition to Wichita Falls, located on the north side of Wichita Falls and north of the Big Wichita river. Soon after going on the train, she inquired of the brakeman on the train if the train stopped at Scotland addition before reaching the station at Wichita Falls, and upon being informed by said brakeman that the train did often stop on the north side of said river in Wichita Falls and close to Scotland addition, she then informed the brakeman that she would like to get off said train if it did so stop. Upon reaching the addition, the brakeman came into the coach in which she was riding and reported the train was not going to stop at the addition, but it might stop after crossing the river. "The said train did cross the said river and crossed the wagon road on the Wichita Falls side of said river, and after crossing said wagon road began to slow down as if it were going to stop, and said brakeman again came to the said Mrs. Lovett and informed her that said train would stop at that point and that she might alight from said train there; that she immediately arose from her seat and got her suit case from the rack in said coach and handed same to said brakeman, and said brakeman proceeded to the platform of said coach on the steps and then to the ground, the said Mrs. Lovett following said brakeman out of said coach to the steps of same, when said train began suddenly to move forward, and when said train began to move off the said Mrs. Lovett hesitated for a moment before alighting from said train, and said brakeman then told her to hurry and get off of said train, and she, pursuant to said brakeman's request, attempted to get off of said train, and in doing so she lost her balance, or slipped from said steps, and fell violently to the ground," falling on her right foot, breaking her ankle, and alleging other serious injuries. That the defendant's agents, servants, and employees were guilty of negligence in failing to stop said train adjacent to Scotland addition, etc. "That the said defendant, its servants, agents and employees, were grossly negligent in the manner in which they did allow the plaintiff to alight from said train at the point on said railroad where said train did stop, in that they did not give the said Mrs. Lovett sufficient opportunity to alight from said train before said train started to move off after stopping. That said brakeman could have, by the exercise of ordinary care towards the said Mrs. Lovett, kept said train from

moving off until said Mrs. Lovett had safely alighted from said train; that contrary to every duty owing to the said Mrs. Lovett as a passenger on said train by said defendant, its agents, servants and employees, they allowed her to alight from said train at a dangerous point on said road and said brakeman not only allowed her to alight from said train at an exceedingly dangerous place, but after allowing her to so alight, and after seeing that she had fallen to the ground and was seriously injured, allowed said train to proceed on its way, and he jerked loose from said Mrs. Lovett, who had attempted to catch to him for support and caused said train to go on its way, and allowed the said Mrs. Lovett to remain lying prostrate along the right of way of said railroad. It was the duty of said brakeman to assist Mrs. Lovett in her injured condition which he saw and realized and to take her to a place of safety and put her back on the train and take her to the station or some other place of safety," alleging the amount of damages, etc. The appellant answered by general and special exceptions and specially answered as follows:

"And for further answer herein if same be necessary, the defendant says that the plaintiff, Mrs. C. A. Lovett, was guilty of contributory negligence in the manner and way she alighted and under the conditions she alighted and at the time and place she alighted from said train, and by reason of said contributory negligence on the part of the plaintiff the defendant is not liable for any injury alleged to have been received."

The case was submitted on special issues. Issue 1 and the answer thereto are as follows:

"Was the defendant guilty of negligence because of the action of its brakeman in inviting or permitting the plaintiff to alight from its train at the time, place and in the manner she did alight from said train? Answer: Yes."

The answer to 1-A is that such negligence was the proximate cause of the injury.

"Issue No. 2. Was the plaintiff, Mrs. C. A. Lovett, guilty of contributory negligence in alighting from said train at the time and place and in the manner she did alight therefrom? Answer: No."

The jury found, in answer to issues submitted, damages in the sum of $2,500.

[1, 2] The first proposition urged by appellant is based upon the action of the trial court in overruling its general exception because, it is asserted, there is no allegation that the brakeman was acting within the scope of his authority in inviting, or in permitting, Mrs. Lovett to get off the train. The facts we think are sufficiently alleged that the brakeman was on the train as such and the employee and servant of the appellant, and as such he invited and permitted

Mrs. Lovett to alight at the time and place she did in the manner she did; that as such servant he was negligent in doing so. The allegations are sufficient as against a general demurrer to show that such employee of appellant owed that high degree of care demanded of a carrier to passengers while on the train. We cannot better state the duty of such carrier than by quoting:

"A carrier is responsible for any conduct of its servants intrusted with the carriage of a passenger which results either in his wanton or negligent injury at their hands, regardless of the authority for the specific act, or that the infliction of the wrong was by the servant while acting in his own interest and in violation of his own duty as the carrier's representative. This liability is predicated upon the proposition that such a breach of the contract of carriage, through acts or omissions by the servant, is the violation of a duty, primarily that of the carrier, by one who, as respects that duty, stands in the carrier's place, clothed with all the carrier's authority and imposed with the carrier's obligations."

Or, as stated by the Court of Civil Appeals, when before that court:

"It was the porter's duty to open doors of the vestibule at the station. It was not outside the scope of his employment to open the one in question, notwithstanding, in opening it, he may have violated appellant's instructions and rules." Railway Co. v. Preston, 228 S. W. 928; Id., 194 S. W. 1128.

The above case, we think, upon its facts, presents stronger grounds for a defense than do the facts in this case, as alleged in the petition. A porter in that case opened the vestibule for the passenger on the opposite side from the depot or place provided for passengers to alight, in order that the passenger might get off with a package of whisky, and while the passenger was on the steps preparatory to alighting the porter pushed the box of whisky against him, causing him to fall, inflicting the injuries of which complaint was made.

In a case where the conductor was exhibiting a pistol to two passengers on his train and, in showing them how it worked, discharged the pistol and wounded the plaintiff, one of the passengers, the Supreme Court said:

"The carrier is liable for the servant's violation of the duty in all such cases, and in cases of this character as well, because by confiding to the servant's hands the performance of his contract with the passenger, he equally transfers to him the duty of protecting the passenger. To conserve the passenger's safety as far as it may be done by the exercise of the high degree of care exacted by the law, becomes the servant's duty. Its discharge is commanded of him as fully as primarily required of the carrier. It is a continuing duty. He is at no time absolved from it while he stands in the carrier's stead in the carrying out of the carrier's contract. It exists to protect the passenger from injury at his hands, as well as that inflicted by others. It is of no importance that the specific act occasioning the injury was not authorized by the carrier. That is not the test of the carrier's liability. The act may not have been authorized but that does not permit an evasion or breach of the duty. The infliction of the wrong by the servant while acting in his own interest is none the less a violation of the carrier's duty to the passenger and his own duty as the carrier's representative. It is of no moment to the injured passenger that the particular wrong was committed by the servant only in his personal interest nor is it of moment to the law. The concernment of the law in all such cases is simply whether the duty of protection owing the passenger by all servants of the carrier delegated with the execution of the carrier's contract, has been violated. If so, the carrier is liable and justly so, regardless of the nature of the act constituting the violation. If the carrier is to be relieved of all responsibility for a breach of this important duty by a servant selected by him for its performance, because of its violation the servant disregards his obligation to the carrier, by delegating the duty to an unfaithful servant the carrier may exempt himself from its observance. Such a result cannot be sanctioned." Railway Co. v. Monroe, 110 Tex. 97, 216 S. W. 388.

The two cases above cited we think decisive of the question here raised by the general exception and proposition. We also cite, as to the sufficiency of the allegation in the petition, Patton-Worsham Drug Co. v. Drennan (Tex. Civ. App.) 123 S. W. 706; Railway Co. v. Boyd (Tex. Civ. App.) 141 S. W. 1076; Railway Co. v. Woodall (Tex. Civ. App.) 207 S. W. 84.

[3, 4] The second and third propositions are predicated on the action of the court in refusing to instruct a verdict for appellant. First, because the petition alleges that Mrs. Lovett, in attempting to alight from the train, "lost her balance or slipped from said steps," etc. While she testified she did not slip or fall off the train, but jumped off, that the variance in the allegation and the proof is fatal. Only the substance of the issue need be proved. Every unnecessary or immaterial detail need not be stated, or proven exactly as alleged. The negligence in this case charged against the appellant was in inviting Mrs. Lovett to alight at the time and place and in the manner they did and the consequent injury. In so far as appellant's negligence is concerned, it is immaterial how she got off the train; whether she slipped and fell, or jumped, the negligence which was the proximate cause, that is, in inviting her at that time to alight, if shown, established the substance of the issue alleged. Railway

Co. v. Johnson, 83 Tex. 628, 19 S. W. 151; Hicks v. Railway Co., 96 Tex. 355, 72 S. W. 835; Railway Co. v. Williams (Tex. Civ. App.) 217 S. W. 420. It is also urged that the allegation and proof show no authority on the part of the brakeman to stop the train and to invite Mrs. Lovett to alight. The evidence in this case does show that it was the duty of the brakeman to assist passengers to alight, together with his other duties. What has been said in disposing of the first proposition will dispose of the contention made under this proposition.

[5, 6] The fourth proposition asserts error in the charge of the court in defining contributory negligence. A charge substantially like the one in question seems to have been approved in Railway Co. v. Gibson (Tex. Civ. App.) 83 S. W. 862. The charge in its form appears to be that usually adopted by the courts except the latter clause which may render it tautological, in that it uses two terms to express the same idea, that is, it concludes as follows: "Is a proximate cause of the injury complained of and but for which the injury would not have occurred." It may be that under the facts of the case, and in the nature of things, the alighting from the train would be the proximate cause of the injury and the only issue of fact would be whether Mrs. Lovett was negligent in so alighting. The definition as given by the charge was not objected to in the court below as submitting to the jury an uncontroverted issue, that is, proximate cause; but, in fact, the charge drawn by the appellant and submitted to the court to be given, defining "contributory negligence," required the jury to find the negligence to be the proximate cause. The definition is not erroneous in our judgment. It is not at all probable any injury resulted. It was only an abstract definition and did not seek to apply concretely the law to the facts. It is not always reversible error to submit an issue to the jury where the evidence is undisputed as to some portion of the issue, however proper it may be for the court to assume that the fact submitted is established.

The fifth proposition is based on the submission of issue No. 2, above set out, because it is asserted the issue contains more than one issue, in that appellant had alleged negligence in alighting from the train at the time she did, in the place she did, and in the manner she did. It will be perceived the trial court submitted the issues substantially as appellant had pleaded them as constituting contributory negligence. This would not necessarily be reversible error unless the appellants requested proper issues, which were refused. Railway Co. v. Preston (Tex. Civ. App.) 228 S. W. 928 (5); Railway Co. v. Hagood, 21 Tex. Civ. App. 442, 52 S. W. 574; Railway Co. v. Hill, 95 Tex. 629, 69 S. W. 136.

[7] The appellant, however, requested several special issues which the trial court refused, upon which action complaint is made in this court. One issue requested is in effect whether Mrs. Lovett was guilty of contributory negligence in getting off at a place other than that called for by her ticket. We believe the issue should have been submitted. The appellee alleges that the place was dangerous, and the petition shows it was not the place provided for discharging passengers. The evidence and pleadings, when read together, show Mrs. Lovett requested to be put off at the point of injury. The issue so raised should have been submitted separately and concretely. Ry. Co. v. Hawley (Tex. Civ. App.) 235 S. W. 659; Railway Co. v. Morrow (Tex. Civ. App.) 235 S. W. 664.

[8, 9] Issues 12 and 15 requested a finding whether she was negligent in undertaking to alight while the train was moving or to get off of a moving train. It will be perceived plaintiff alleged the train began to move off, and that she hesitated when the brakeman told her to hurry and get off, and that she proceeded to do so, lost her balance, or slipped, and fell to the ground. The appellant pleaded contributory negligence on her part in the manner and way she alighted and the conditions under which she alighted. Mrs. Lovett testified after they crossed the river the train barely stopped and started again, and the brakeman told her to come on; that he got her suit case and jumped off with it; and that she went down to the bottom of the step and held on just a little, but was afraid to jump, but did jump, and caught the brakeman when she hit the ground. She thought she jumped a little the way the train was going. We believe under the issues presented by both the pleadings and the evidence the issues requested, or at least one or the other of them, should have been given. We have had some doubt as to the sufficiency of the appellant's plea on contributory negligence on the issues here requested. A charge on the phase of contributory negligence not alleged in a personal injury action is properly refused. Railway Co. v. Stillwell, 46 Tex. Civ. App. 647, 104 S. W. 1071; Railway Co. v. Wray, 43 Tex. Civ. App. 380, 96 S. W. 74 (4); Railway Co. v. Foster (Tex. Civ. App.) 87 S. W. 879. However, the answer, when taken in connection with the petition, presents the issue here sought. There are some authorities in this state which seem to hold, where the plaintiff's petition and evidence raises the issue of contributory negligence, it is not necessary for the defendant to plead it specifically. Murray v. Railway Co., 73 Tex. 2, 11 S. W. 125; Railway Co. v. Albright (Tex. Civ. App.) 26 S. W. 256. In the case of Railway Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538, it is there said in effect: The burden of

proof is on the defendant to establish contributory negligence unless it is established prima facie as a matter of law by the facts pleaded or by the undisputed evidence. The Supreme Court later said:

"That view is that the law does not, at any stage of a trial, impose upon a plaintiff the burden of showing that he has not committed negligence. The law does require that a plaintiff's evidence show a state of facts which entitles him to a judgment; and hence, when the evidence adduced by him shows that because of his own fault he is not so entitled, he loses his cause, because he has proved the fact and not because the law required him to prove the absence of it. * * * Or his evidence may merely raise a question, to be solved by the opinion of the jury, and therefore to be submitted to the jury, as to whether or not his conduct was negligent and contributed, a decision of which by the jury likewise results in his defeat." Railway Co. v. Harris, 103 Tex. 422, 128 S. W. 897.

The pleadings and evidence in this case we think present the issue whether Mrs. Lovett was guilty of contributory negligence in leaving the train while it was moving. The issue as submitted by the court submitted conjunctively the time, place, and manner of leaving the train. The jury may have found one or more of these acts negligence or not, as the case might be. So, we hardly think it was sufficient to present the issue as requested in the above charges.

The other issues requested, that is, undertaking to get off at such place and the manner and way she alighted, are, we think, included in the issues above considered. She was not charged with negligence by the pleading in jumping. We believe the issues above demanded were sufficient to submit separately and concretely the issues presented by the pleadings. It would be error to repeat the same issues, though they may be clothed in different language, and, besides, these two issues are general. The jury would be left to infer any kind of place as to its locality or condition. The way and manner may have included any way or manner the jury could conceive. The issue both as to pleading and submission should be specific enough to direct the attention of the jury to the particular thing claimed to have been negligent.

The assignments based on overruling the special exception show no reversible error. We will not at this time discuss the duty of the employees on a passenger train to look after an injured passenger, as no damages were allowed in this case upon such allegation, or submitted to the jury by the trial court for their finding.

For the error above pointed out, the judgment of the trial court will be reversed.