## HYDE v. ENGLISH.

### No. 3639.

Court of Civil Appeals of Texas. Beaumont.
April 10, 1940.

Rehearing Denied April 24, 1940.

Shivers & Keith, of Port Arthur, for appellant.

Willie T. Briggs and A. W. Dycus, Jr., both of Port Arthur, for appellee.

WALKER, Chief Justice.

: This was an action by appellee, Steve English, by next friend, against appellant Jack Hyde, for damages, actual and exemplary, for assault and battery. Appellant's defense was an alibi. The case was submitted to the jury on the following issues:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the defendant Jack Hyde struck the plaintiff, Steve English, on the occasion in question?

"Answer 'yes' or 'no'.

"If you have answered the foregoing Special Issue No. 1 'yes', and only in that event, answer the following special issue:

"Special Issue No. 2. Do you find from a preponderance of the evidence that the plaintiff, Steve English, sustained injuries by reason of being so struck, if you have found that he was struck, on the occasion in question?

"Answer 'yes' or 'no'.

"If you have answered 'yes' to each of the foregoing special issues No. 1 and

No. 2, and only in that event, then answer the following Special Issue:

"Special Issue No. 3. What sum of money, if any, do you find from a preponderance of the evidence, if paid now, will fairly and reasonably compensate the plaintiff for the injuries, if any, he has sustained.

"Answer by stating the amount, if any, in dollars and cents.

"In answering this issue, you are instructed that you may take into consideration the following elements and no other: Physical pain, if any, and humiliation, embarrassment, and outraged feelings, if you have found that any such elements were sustained.

"If you have answered 'yes' to each of Special Issues No. 1 and No. 2, and have answered Special Issue No. 3 by stating some sum of money, and only in that event, then answer the following special issue:

"Special Issue No. 4. What sum of money, if any, do you find as exemplary damages for the plaintiff herein?

"Answer by stating the amount if any, in dollars and cents.

"In this connnection you are instructed that by the term 'exemplary damages', is meant such sum, of money, if any, as in your judgment should be awarded solely as a punishment for intentional wrong inflicted, if any you have found, and must not include indignities suffered if any, and outraged feelings, if any, and must be reasonably proportioned to the actual damages sustained, if any were sustained."

The jury returned the following answers to the special issues:

"To Special Issue No. 1 Yes

"To Special Issue No. 2 Yes

"To Special Issue No. 3 Fifty Dollars and no cents

"To Special Issue No. 4 Two Hundred Dollars and no cents."

After overruling appellant's motion for judgment non obstante veredicto, judgment was rendered in appellee's favor against appellant for the damages, actual and exemplary, found by the jury. Appellant has duly prosecuted his appeal to this court.

The facts were as follows, the testimony of the witnesses, Q and A, reduced to narrative.

Appellee testified: "My name is Steve English. I am now twenty years old; was 19 last September. I know Mr. Jack Hyde. In connection with the bridge celebration at Port Arthur on the 3rd, 4th, and 5th of last September, 1938, there was a rodeo on the Orange-Port Arthur highway outside of Port Arthur. I visited this rodeo on the 5th day of September, 1938. I arrived at the rodeo about 7:15 p.m. I went out there on my motorcycle which I parked about twenty feet from the rodeo fence, and was sitting on my motorcycle, waiting for the rodeo to start. There was a fence around the rodeo grounds. Well, about—after I had sat there a while, I heard a loud noise of a horse running, and I got up off of my motorcycle and walked back a few steps, where I could see down the fence and see what it was. Mr. Hyde came riding on his horse right towards me, and got off and said 'Get the hell out of here', and when I went to get on my motorcycle, he hit me and knocked me back over my motorcycle. In going out there it was my purpose to go to the rodeo. I had not spoken with Mr. Hyde. I had not had any trouble with Mr. Hyde or with anyone else. He hit me on the jaw and knocked me over my motorcycle. It bruised my back, kind of strained my back, my hip and my ankle. My jaw was sore for a long time. I couldn't eat anything solid. My ears rang for quite a while afterward. I had other bruises that gave me pain. After Mr. Hyde knocked me down, I asked him to give me time to start my motorcycle so I could get out; he said 'Get the damn thing out of here before I whip you with a wet rope.' Mr. Hyde came out of the rodeo on a horse and there was a man with him on another horse. This man rode right up behind Mr. Hyde, was riding behind him. Both of them rode out of the rodeo. When Mr. Hyde struck me, many people were around there; lots of people waiting to go to the rodeo. Lots of people were out there on the road, going to the rodeo, going down to get their tickets. I was outside the walls, and the people were around there where this happened. I was humiliated. I felt like I would like to crawl off in a hole where nobody could see me."

Appellee's testimony as to what happened at the time and place in issue, and that he was struck by appellant, was corroborated in every essential particular by

Jimmie Fant, Frank Perio, William Kirby Richards, Harley Nance, and J. C. Jones.

In support of his alibi, appellant testified: "I never at any time struck Mr. English, either on September 5 or at any other time. I never saw Mr. English in my life to know him until I got in that chair this morning. I don't even know where he lives, never saw him in my life. I did not knock Mr. English over his motorcycle at that time nor at any other time. During the time that Mr. English testified about, I was inside the rodeo and hung around the chute, and stayed up in the judges stand. During the time of the rodeo I did not ride around outside the arena. I hardly ever got to the arena until eight o'clock at night. The first time I knew that Steve English was claiming that I struck him was when they served the papers on me. I know nothing about this transaction, nothing whatever. They had lots of trouble outside the arena on the road, fights and such things as that outside, but I wasn't out there. I know nothing about such things except by hearsay, what somebody told me. It is my testimony that I did not have anything whatever to do with Steve English on the 5th day of September. I say again that I was never outside the arena on a horse while the show was going on—I don't believe I was."

### Opinion.

By his first, second and third propositions appellant assigns error against the submission of the issue of exemplary damages: (a) That issue No. 4 submitting exemplary damages, "did not place the burden of proof upon the plaintiff"; (b) that the conditional submission of issue No. 4, predicating the answer on the answers to be returned to issues No. 1, 2, and 3 was calculated to and undoubtedly did "inform the jury as to the effect of their answers, in that it informs the jury that if they do not find all of the issues favorably to the plaintiff that he can not recover, and the trial court erred in overruling defendant's motion for new trial setting up such fact"; (c) that issue No. 4 permitted "the jury to consider and to allow exemplary damages without first having found that the acts, if any, of the defendant amounted in terms of law to malice or gross negligence, and the same as written assumes that the acts of the defendant in the premises were malicious when the same is a disputed fact question."

These propositions are all overruled. The court did not commit reversible error in not instructing the jury to find exemplary damages "from a preponderance of the evidence"; a charge on burden of proof is not necessary in every case, but its propriety depends upon the state of the evidence. St. Louis, Southwestern R. Co. v. Preston, Tex.Com.App., 228 S.W. 928; Texas & N. O. R. Co. v. Syfan, Tex. Civ.App., 43 S.W. 551; 24 Tex.Juris. 612. There was no element of question No. 4 by which the jury could have been confused or mislead by the omission of the instruction demanded by appellant's assignment. We say further that, as submitted, issue No. 4, with the accompanying instruction, put appellee under the burden of sustaining the issue by a preponderance of the evidence.

Issue No. 4 was not on the weight of the evidence, in that it did not advise the jury of the effect of its answers to issues 1, 2, and 3. By question No. 1, the jury found that appellant struck appellee; by question No. 2, that appellee was injured as the result of being struck by appellant; and by question No. 3 that, as the result of his injuries, appellee suffered damage in the sum of $50. That appellee was struck by someone and that he suffered damages were established by the undisputed testimony. The identity of the one who committed the assault and battery was in issue, and sent to the jury unconditionally.

Appellant waived the right to have submitted to the jury issues on "malice" and "gross negligence" by failing to prepare such issues and to submit them to the court, with the request that they be submitted. Wichita Falls & Oklahoma R. Co. et al. v. Pepper, Tex.Sup., 135 S.W.2d 79.

The conditional submission of issues 2 and 3 was not error. As stated above, that appellee was struck and sustained injury was established by the uncontradicted testimony; the identity of Jack Hyde, as the one who committed the assault and battery, was submitted unconditionally.

The court did not err in instructing the jury in estimating appellee's damages, that they "could consider physical pain, humiliation, embarrassment and outraged feelings" over the objection timely made that "the same submitted various elements of damage not supported by either the pleadings or the evidence." These issues were raised by appellant's petition wherein.

he alleged: "That defendant's intentional, willful, forceful and violent assault upon plaintiff *caused him* to suffer great physical pain and mental anguish; that as a direct and proximate result of such attack plaintiff sustained a wrenched back, strained ligaments around the jaw, large bruises on his right hip, right shoulder, left hip and on the calf of his left leg, together with great pain and soreness over the body generally; that the muscles and ligaments of plaintiff's jaw were injured to such an extent that plaintiff was unable to partake of any food except liquids for two days after such injuries were inflicted; that as a result of such attack plaintiff has suffered and continues to suffer from violent headaches and nervousness by reason of which he is unable to sleep and is on the verge of a nervous breakdown." No special exceptions were urged against these allegations.

The award of two-hundred dollars as exemplary damages was not "grossly disproportionate" to the actual damages sustained from the injury. Nor was the award excessive. On the undisputed testimony, the assault and battery committed upon appellee was unprovoked, by a man upon a boy, was cruel, vicious, and accompanied by humiliating threats. The jury found that appellant committed these wrongs.

The judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.